UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                 Case No. 18-20495

v.

                                      Hon. David M. Lawson

Ibraheem Izzy Musaibli,

        Defendant.

_____/

## Motion to Dismiss First Superseding Indictment
## Count Three for Failure to State an Offense

Ibraheem Izzy Musaibli, through his attorneys, the Federal Community Defender for the Eastern District of Michigan, moves this Court to dismiss Count Three of the First Superseding Indictment filed in this case for failure to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

1. Count Three charges Mr. Musaibli with possessing and discharging a firearm (machine gun) in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A), (B)(ii); First Superseding Indictment, R. 48, at 3.

2. The Government alleges that the underlying "crime of violence" is providing and attempting to provide material support to a designated foreign terrorist organization, the offense charged in Count One. *Id.* at 2-3.

1

3. The underlying "crime of violence" charged (1) does not involve a substantial risk of the use of physical force, as required by the statute's residual clause, and (2) the residual clause is unconstitutionally vague and in violation of due process. Additionally, the underlying "crime of violence" predicate does not meet the elements clause because it does not include or require the use of physical force. No element of required, attempted, or threatened use of physical force means that there is no "crime of violence" to meet section 924(c)'s provision.

Mr. Musaibli moves this Court to dismiss Count Three for failing to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). The Government does not agree with the requested relief.

                                     Submitted,

                                     s/Fabián Rentería Franco
                                     Fabián Rentería Franco
                                     James R. Gerometta
                                     Miriam Siefer
                                     Attorneys for Mr. Musaibli
                                     FEDERAL COMMUNITY DEFENDER
                                     613 Abbott Street, 5th Floor
                                     Detroit, Michigan 48226
                                     Email: james_gerometta@fd.org
                                     Phone: 313.967.5839
                                     Facsimile: 313.962.0685

Dated: May 1, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Ibraheem Izzy Musaibli,

        Defendant.
_____/

Case No. 18-20495

Hon. David M. Lawson

**Brief in Support of Motion to Dismiss First Superseding Indictment Count Three for Failure to State an Offense**

Ibraheem Izzy Musaibli was originally charged with providing and attempting to provide material support to a designated foreign terrorist organization. The Government charged Mr. Musaibli with three additional counts in its First Superseding Indictment. Count Three charges Mr. Musaibli with possessing and discharging a firearm (machine gun) during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A), (B)(ii); First Superseding Indictment, R. 48, at 3. The Government alleges that the underlying "crime of violence" is providing and attempting to provide material support to a designated foreign terrorist organization, the offense charged in Count One. *Id.* at 2-3.

The underlying offense fails to qualify as a "crime of violence" for two principal reasons:

*One*: The underlying "crime of violence" of providing and attempting to provide material support to a designated foreign terrorist organization does not "by its nature" involve a substantial risk of the use of physical force, as required by the statute's residual clause. Further, the residual clause is unconstitutionally vague and in violation of due process.

*Two*: The underlying "crime of violence" predicate does not meet the statute's elements clause because it does not include or require the use of physical force. None of the elements within the Count One charge include or require the use, attempted use, or threated use of physical force, which are needed to qualify as a "crime of violence."

I. **Count Three fails to state a qualifying section 924(c) "crime of violence" offense and the statute's residual clause is unconstitutionally vague to substantiate the charge against Mr. Musaibli.**

The Government's Count Three charge against Mr. Musaibli fails to identify a qualifying and chargeable offense under section 924(c)'s "crime of violence" residual clause. A "crime of violence" is an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18

U.S.C. § 924(c)(3)(B). Here, the underlying "crime of violence" of providing and attempting to provide material support to a designated foreign terrorist organization does not "by its nature" involve a substantial risk of the use of physical force.

The plain text of section 924(c)'s residual clause requires courts to consider whether a given offense "by its nature" involves a substantial risk of the use of physical force, a categorical approach. The statute provision's phrase "by its nature" compels such categorical approach. *See Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004). In *Sessions v. Dimaya*, the Supreme Court confirmed that the categorical approach is not obsolete. *See* 138 S. Ct. 1204, 1217-18 (2018) (the phrase "by its nature" "tells courts to figure out what an offense normally – or, as we have repeatedly said, 'ordinarily' – entails, not what happened to occur on one occasion.").

A circuit split developed in the aftermath of *Dimaya* over whether section 924(c)'s residual clause is unconstitutionally vague and in violation of due process. *See* 138 S. Ct. 1204 (2018). After the *Dimaya* decision, the Fourth Circuit, Fifth Circuit, Tenth Circuit, and D.C. Circuit concluded that section 924(c)(3)(B) is unconstitutionally vague. *See United States v.* Simms, 914 F.3d 229, 236 (4th Cir. 2019); *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018); *United States v. Eshetu,* 898 F.3d 36, 37-38 (D.C. Cir. 2018);

3

*United States v. Salas,* 889 F.3d 681, 686 (10th Cir. 2018); *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding the section 924(c)(3)(B) is unconstitutionally vague pre-*Dimaya*). Other circuits upheld section 924(c)'s residual clause post-*Dimaya. See United States v. Douglas*, 907 F.3d 1, 3 (1st Cir. 2018); *Ovalles v. United States*, 905 F.3d 1231, 1253 (11th Cir. 2018) (en banc); *United States v. Barrett*, 903 F.3d 166, 177-84 (2d Cir. 2018). The circuits that upheld section 924(c)'s residual clause do not dispute that it is unconstitutionally vague, but instead abandon the categorical approach to interpreting that provision for a fact-specific "conduct based" inquiry.

Earlier this year, the Supreme Court granted a writ of certiorari to determine whether section 924(c)'s residual clause is unconstitutionally vague. *See United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 139 S.Ct. 782 (2019). The parties in *Davis* fully briefed and recently argued the case before the Supreme Court, and a decision should issue at the end of this term.

Because the *Davis* decision is currently pending, Mr. Musaibli will need to file supplemental briefing to appropriately address the legal issues involved and prepare for argument in this Court.

4

## II. Without section 924(c)'s residual clause, providing or attempting to provide material support to a designated foreign terrorist organization does not qualify as a "crime of violence" under the provision's elements approach.

A finding that section 924(c)'s "crime of violence" residual clause is unconstitutionally vague and invalid, directs this Court to examine whether Mr. Musaibli's predicate offenses qualify as felony offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A). This "elements" clause is nearly identical to the force clause of the Armed Career Criminal Act (the Act) addressed in *Johnson v. United States*, 559 U.S. 133 (2010).

In *Johnson*, the Supreme Court held that "physical force" in the Act means "*violent* force – that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. Recently, the Supreme Court attempted to clarify that *Johnson* does not "require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019). Even so, physical force is still required in an elements clause approach. Here, to qualify as a predicate offense under section 924(c)'s elements clause, the underlying offense must include an element of "physical force." The statute text is the focus.

5

None of the required elements delineated in the section 2339B statute require the use, attempted use, or threated use of physical force. In order to prove a charge under this statute, the Government must prove that a defendant:

1. knowingly provided material support or resources
2. to a foreign terrorist organization or attempts or conspires to do so and
3. that the defendant had knowledge that the organization is a designated terrorist organization, that the organization has engaged or engages in terrorist activity, or that the organization has engaged or engages in terrorism.

*See* 18 U.S.C. § 2339B(a)(1). These elements do not expressly require the commission of any overt act involving physical force and in fact, the statute is often violated by individuals making financial contributions to groups designated as foreign terrorist organizations.

Providing or attempting to provide material support to a foreign terrorist organization as charged here is not a qualifying 924(c) "crime of violence" under the elements clause. Without the predicate offense, Count Three does not stand on any foundation.

## Conclusion

This Court should enter an order dismissing Count Three of the First Superseding Indictment for failing to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

>Submitted,
>
>s/Fabián Rentería Franco
>Fabián Rentería Franco
>James R. Gerometta
>Miriam Siefer
>Attorneys for Mr. Musaibli
>FEDERAL COMMUNITY DEFENDER
>613 Abbott Street, 5th Floor
>Detroit, Michigan 48226
>Email: james_gerometta@fd.org
>Phone: 313.967.5839
>Facsimile: 313.962.0685

Dated: May 1, 2019