UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

UNITED STATES OF AMERICA,

               Plaintiff,

                    v.

IBRAHEEM IZZY MUSAIBLI,
  aka Abu Shifa Musaibli,
  aka Abu 'Abd Al-Rahman Al-Yemeni,
  aka Abu Abdallah Al Yemeni,
  aka Abdallah Umar Al-Salih,
  aka Ibraheem 'Izd 'Umar Salih Musaibad,

               Defendant.

Case No.  18-20495

HON. DAVID M. LAWSON

_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE FIRST SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE**
_____

Defendant Ibraheem Izzy Musaibli is charged in a four-count First Superseding Indictment related to his support of the terrorist organization ISIS. During his time with ISIS, Musaibli attended a terrorist training camp where he learned to shoot, carry, and otherwise handle a machine gun.  Upon graduation from the terrorist camp, ISIS issued Musaibli a machine gun.  Thereafter, Musaibli engaged in battle on behalf of ISIS using his machine gun.  Count Three of the First Superseding Indictment charges Musaibli with possessing and discharging a firearm

(specifically a machine gun) in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).  (R. 48: Superseding Indictment).  Count Three identifies the crime of violence as providing material support to ISIS, as charged in Count One of the same First Superseding Indictment.

On May 1, 2019, Musaibli moved to dismiss Count Three, arguing that a section 924(c) count cannot be predicated on the crime of providing material support to a designated terrorist organization because the material support charge is not categorically a crime of violence.  But section 924(c) is not limited to a categorical analysis.  Instead, the same jury that will decide whether Musaibli provided material support to ISIS will also decide whether he possessed a firearm in furtherance of that material support.  This conduct-based approach survives any constitutional concerns deriving from last year's Supreme Court decision in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1217-18 (2018).  The Supreme Court will soon decide whether *Dimaya* permits the government's conduct-based approach or whether the prohibitions outlined in section 924(c) apply only to crimes that categorically are crimes of violence.  The Supreme Court's decision will likely decide the fate of Musaibli's motion.

# I
# FACTUAL BACKGROUND

In April 2015, the defendant left the United States for Yemen. He spent approximately six months in Yemen before leaving to join ISIS. The defendant traveled through a few countries prior to crossing into Syria through Turkey. By late October or early November 2015, the defendant was with ISIS in Raqqa, Syria, the capital of ISIS at that time. There, the defendant attended a ten-day ISIS religious training camp. He then traveled with other ISIS members to Mosul, Iraq, where he attended an ISIS military training camp. The military camp included training on traversing terrain with a machine gun, shooting a machine gun, and conducting ambush techniques. Upon graduation from the ISIS military training camp, the defendant swore allegiance to ISIS and its leader, Abu Bakr Al-Baghdadi.

At the end of the training camp, ISIS assigned the defendant to a military brigade and issued him a Kalashnikov assault rifle, a vest, magazines, and grenades. The defendant's Kalashnikov weapon had a selector switch that allowed the weapon to fire in single shot or fully automatic mode. The defendant went with other ISIS members of his military brigade, armed with Kalashnikov assault rifles, grenades, and RPGs, to Hit, Iraq. There, a battle was going on (although the defendant claimed to law enforcement to have only conducted ribat, not direct fighting, in this town). Ribat is a form of armed guard duty where ISIS fighters protect the front line of the battle against enemy advancement.

The defendant remained with ISIS for over two and one-half years. By November 2016, the defendant was with ISIS in Dayr Az Zawr, Syria, one of ISIS' remaining strongholds at that time. The defendant admitted to law enforcement that he conducted armed guard duty and fought on behalf of ISIS against the Syrian Army while in Dayr Az Zawr. He claimed to recall only firing his weapon twice at Syrian military positions.

As ISIS lost territory, the defendant retreated with the terrorist group. Eventually, Syrian Democratic Forces captured the defendant and turned him over to the FBI. In July 2018 he was flown back to the United States to face terrorism-related charges.

## II
## LEGAL ANALYSIS

### A. Section 924(c) and *Dimaya*

Under 18 U.S.C. § 924(c), it is a federal crime to possess a firearm in furtherance of a crime of violence. The statute defines "crime of violence" as a federal offense that is a felony and—

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The first part of this definition is commonly referred to as the "elements clause" and the second part the "residual clause."  To decide whether a defendant's particular crime falls within the scope of the residual clause, courts have applied the categorical approach.  *See Leocal v. Ashcroft*, 543 U. S. 1, 7 (2004). This approach does not ask whether the particular facts underlying a crime pose the substantial risk required by the clause, nor whether the statutory elements of the crime require (or entail) the creation of such a risk in each case that the crime covers. Instead, the categorical approach asks whether the "nature of the offense," or "the ordinary case" of an offense poses the requisite risk.  *See James v. United States*, 550 U. S. 192, 208 (2007).

In *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court held that the definition of crime of violence in 18 U.S.C. § 16—the language of which is identical to Section 924(c)(3)(B)—is unconstitutionally vague.  Borrowing on the reasoning of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015), which struck down part of the Armed Career Criminal Act (ACCA), the Court opined that the residual clause of section 16 created grave uncertainty about (1) how to estimate the risk posed by a crime when that risk is tied to the judicial assessment of a hypotheses about the crime's ordinary case, and (2) what threshold level of risk is required to make a crime a "violent crime" as set forth in the statute.  When taken

together, these two risks "violate the guarantee of due process." *Dimaya,* 138 S.Ct. at 1214.

Critical to the application of *Johnson* and *Dimaya* to section 924(c)'s residual clause is the Court's reliance on the categorical approach in analyzing whether prior convictions meet the risk set forth in the clause.  The Court noted, "Many perfectly constitutional statutes use imprecise terms like 'serious potential risk' (as in ACCA's residual clause) or 'substantial risk' (as in §16's). The problem came from layering such a standard on top of the requisite 'ordinary case' inquiry." *Id.*  In other words, the residual clause's use of "substantial risk" did not make the statute vague.  It was the combination of the "substantial risk" language with the application of the categorical approach that resulted in the finding of unconstitutionality.

## B. The Conduct-Based Approach

Nothing about section 924(c) requires courts to utilize the categorical approach when assessing whether concurrently-charged crimes meet the definition of crime of violence.  In fact, the Supreme Court's reasoning for using the categorical approach does not make sense in section 924(c) prosecutions.  In both *Johnson* and *Dimaya*, the Supreme Court assessed residual clause language to hypothetical "ordinary cases" when assessing years-old crimes committed by the defendant.  But in section 924(c) cases, juries consider the conduct of defendants and whether that conduct meets the elements of the crimes charged.  Asking the jury to decide one

additional question—whether the predicate crime committed by a defendant was a "crime of violence" under the residual clause—falls squarely within their ordinary province. Juries have long resolved mixed questions of law and fact in light of the record of the case before them. *See United States v. Gaudin*, 515 U.S. 506, 511-515 (1995).

Several courts of appeals have allowed this conduct-based analysis. The First Circuit held that section 924(c)'s residual clause "reasonably allows for a case-specific approach, considering real-world conduct, rather than a categorical approach…" *United States v. Douglas,* 907 F.3d 1, 3 (1st Cir. 2018) ("we conclude that [the residual clause] is not …void for vagueness."). The Second and Eleventh Circuit agree. *See United States v. Barrett*, 903 F.3d 166, 178 (2d Cir. 2018) ("[The residual clause] can be applied to a defendant's case-specific conduct, with a jury making the requisite findings about the nature of the predicate offense and the attending risk of physical force being used in its commission."); *Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc) (same). Other courts of appeals have construed section 924(c)(3)(B) to require the categorical approach. *See United States v. Davis*, 903 F.3d 483, 485-86 (5th Cir. 2018), petition for cert. filed, No. 18-431 (Oct. 3, 2018); *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018), petition for cert. filed, No. 18-428 (Oct. 3, 2018); *United States v. Eshetu*, 898 F.3d 36, 37-38 (D.C. Cir. 2018) (per curiam). At least two of these circuits

appeared to feel bound by precedent in rejecting the government's new position. *See Davis*, 903 F.3d at 485 ("Regardless of whether *Dimaya* would otherwise permit us to do so, we do not find a suggestion by a minority of justices in that case sufficient to overrule our prior precedent."); *Eshetu*, 898 F.3d at 37 ("Whatever the clean-slate merits of the government's construction, we as a panel are not at liberty to adopt [a case-specific approach]: circuit precedent demands a categorical approach . . .").

To resolve the split among the courts of appeals, the Supreme Court granted certiorari in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted* 139 S.Ct. 782 (2019). The Court has heard argument and a decision is imminent. The government requests, as the defense has, an opportunity to supplement this response after the Supreme Court issues its opinion.

### C. The Elements Clause of Section 924(c)

The elements clause of the crime of violence definition in section 924(c) includes crimes that have an element of the use, attempted use, or threatened use of physical force against the person or property of another. *See* 18 U.S.C. § 924(c)(3)(A). Musaibli argues that the crime of material support of a designated terrorist organization cannot support a section 924(c) count under the elements clause. (R. 58: Motion to Dismiss Count Three for Failure to State an Offense, at 7-8, PgID 158-159). The government agrees.

8

Material support can include providing a terrorist organization with money or property, training, false documents, or other non-violent support.   18 U.S.C. § 2339A(b)(1).  To be sure, a defendant may provide material support to a designated terrorist organization in violent ways, including by providing "personnel (1 or more individual who may be or include oneself)." *See id.*  But the elements of the offense do not require violence and, therefore, Musaibli's section 924(c) charge must be rooted in the residual clause.  At trial, the jury would be instructed that in order to find Musaibli guilty of a section 924(c) offense, it must find beyond a reasonable doubt that Musaibli's provision of material support to ISIS involved "a substantial risk that physical force may be used against the person or property of another." 18 U.S.C. § 924(c)(3)(B).

# III
# CONCLUSION

Musaibli's motion to dismiss Count Three of the First Superseding Indictment

should be denied.

MATTHEW SCHNEIDER
United States Attorney

s/*Kevin M. Mulcahy*
Kevin M. Mulcahy
Cathleen M. Corken
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Kevin.mulcahy@usdoj.gov
(313) 226-9100

Date:  May 22, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2019, I electronically filed the foregoing document using the ECF system, which will send notification of filing to the counsel of record.

s/Kevin M. Mulcahy
Assistant U.S. Attorney