UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

                Case No.  18-Cr-20495

  v.

                HON. DAVID M. LAWSON

IBRAHEEM IZZY MUSAIBLI,
  aka Abu Shifa Musaibli,
  aka Abu 'Abd Al-Rahman Al-Yemeni,
  aka Abu Abdallah Al Yemeni,
  aka Abdallah Umar Al-Salih,
  aka Ibraheem 'Izd 'Umar Salih Musaibad,

        Defendant.
_____

**UNITED STATES' MOTION AND BRIEF IN SUPPORT REQUESTING DISMISSAL OF COUNT THREE OF FIRST SUPERSEDING INDICTMENT CHARGING 18 U.S.C. § 924(c) AND DENIAL OF DEFENSE MOTIONS SEEKING DISMISSAL OF COUNT THREE AS MOOT**
_____

      The United States of America respectfully submits this motion requesting that the Court dismiss Count Three of the First Superseding Indictment, which charges the defendant with 18 U.S.C. § 924(c), in light of the U.S. Supreme Court's recent decision in *United States v. Davis*.  The government also requests that the Court dismiss the defendant's motions seeking dismissal of Count Three (Doc. Nos. 65 and 66) as moot.

## BRIEF IN SUPPORT

On April 9, 2019, a federal grand jury returned a First Superseding Indictment, charging the defendant in Count Three with possessing a machine gun and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 48 at 1). The crime of violence predicating Count Three is providing material support to the Islamic State of Iraq and al-Sham (ISIS), as charged in Count One. Section 924(c)(3) defines a "crime of violence" as a federal offense that is a felony and –

>   (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>   (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first part of this definition is commonly referred to as the "elements clause" and the second part, the "residual clause." The crime of violence predicating the 924(c) charge in Count Three, the provision of material support to ISIS, is based on the residual clause.

In the recent decision in *United States v. Davis*, __ U.S. __, 139 S.Ct. 2319 (2019), the Supreme Court held that the residual clause in § 924(c)(3)(B)'s "crime of violence" definition is unconstitutionally vague. In light of the *Davis* decision, the government moves to dismiss Count Three of the First Superseding Indictment.

On May 22, 2019, the defense filed two motions to dismiss Count Three. (Doc. 65 and 66). In light of the government's motion to dismiss Count Three, those motions are moot. Accordingly, the government requests that the Court dismiss those motions for that reason.

In accordance with the local rule 7.1, on July 18, 2019, the government sought concurrence in this motion from defense counsel who indicated that there is no objection to this motion.

Respectfully submitted this 18th day, of July, 2019.

|  |  |
|---|---|
|  | MATTHEW SCHNEIDER<br>United States Attorney |
| By: | s/*Cathleen M. Corken*<br>Cathleen M. Corken<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI  48226<br>Cathleen.corken@usdoj.gov<br>(313) 226-0206 |
|  | s/*Kevin Mulcahy*<br>Kevin Mulcahy<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>Kevin.mulcahy@usdoj.gov<br>(313) 226-9713 |