UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case Number 18-20495

v.                                                     Honorable David M. Lawson

IBRAHEEM IZZY MUSAIBLI,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S UNOPPOSED REQUEST
FOR NEW SCHEDULING ORDER AND EXCLUDING TIME**

On September 2, 2020, the Court held a status conference via videoconferencing with counsel for the parties. During the conference, the defense asked the Court to consider significant adjustments to the scheduling order, which were proposed in earlier correspondence with the Court. The defendant's attorneys stated that the adjustment is needed because newly appointed counsel needs significant time to familiarize himself with the case, considering the vast amount of discovery materials that have been produced, and the complexity of the legal issues that need to be considered concerning, among other things, the admissibility and chain of custody for some of the documents that the government has produced, which allegedly were seized from ISIS sources. The defendant's attorneys also represented that their attempts to arrange interviews with many witnesses located abroad were delayed by difficulties communicating with the defendant during the extended pendency of two competency evaluations, and that those efforts also recently have been foreclosed by circumstances arising from the ongoing global pandemic. Counsel believe, however, that they will be able to contact the witnesses concerned and arrange for interviews, some of which may need to be conducted abroad, if they are allowed more time to continue their efforts. The government did not oppose the defendant's request for a scheduling adjustment.

The Court finds that the parties have shown good cause for the time enlargements and the adjournment that they seek, and the defendant's unopposed request therefore will be granted. The Court further finds that failing to grant the requested schedule modification would deny counsel for the defendant the reasonable time necessary for effective preparation for trial, 18 U.S.C. § 3161(h)(7)(A), (B)(iv), and the Court concludes that the interest of the defendant in having adequate time to prepare for trial outweigh the interests of the government and the defendant in a speedy trial, and that in the interests of justice the time between September 2, 2020 and the new trial date of October 5, 2021, should be excluded from the 70-day calculation under the Speedy Trial Act.

Further, for all of the reasons stated in Eastern District of Michigan Administrative Order 20-AO-39 (July 1, 2020), the Court finds, and the parties agree, that "proceeding with a jury trial at this time would be impossible, or would result in a miscarriage of justice," and that "due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the recommendations from . . . public health organizations on the availability of counsel and Court staff to be present in the courtroom, the time period of the postponement [of the jury trial in this matter which is required by the implementation of that] administrative order[] [should] be excluded under the Speedy Trial Act, [because] the ends of justice served by ordering the postponement outweigh the best interest of the public and [the] defendant's right to a speedy trial, pursuant to 18 U.S.C. 3161(h)(7)(A)." *Ibid.*

For all of the above stated reasons, the Court concludes that there is good cause for the continued adjournment of the proceedings, and the Court will establish a new trial date and pretrial benchmarks consistent with the parties' scheduling proposal, and within a window that, based on

the best information presently available, reasonably appears to be beyond the anticipated subsidence of the present crisis.

Accordingly, it is **ORDERED** that the defendant's unopposed request to modify the scheduling order is **GRANTED**.

It is further **ORDERED** that the government must produce to the defense all remaining discovery materials, with certain exceptions noted below, as soon as reasonably possible, but **no later than October 30, 2020**.

It is further **ORDERED** that if the defendant wants to file any pretrial motions, other than motions challenging the admissibility or authentication of documents seized from ISIS sources, then he must do so **on or before December 31, 2020**.  Responses to any such motions must be filed **on or before January 29, 2021** and replies **on or before February 19, 2021**.

It is further **ORDERED** that the government must produce to the defense all information regarding the chain of custody and expert disclosures relating to the authentication of all documents allegedly seized from ISIS sources **on or before January 15, 2021**.  If the defendant wants to file any motions challenging the admissibility of those documents or testimony by the government's proposed experts, then those motions must be filed **on or before April 15, 2021**.  Responses and replies to any such motions will be filed in due course according to the briefing schedule specified by Local Rule 7.1(e).

It is further **ORDERED** that the government must produce the disclosures for all other experts required by Federal Rule of Criminal Procedure 16 and the facts or data upon which the experts will rely, *see* Fed. R. Evid. 705, **on or before April 15, 2021**.  If the defendant wants to file any motions challenging the admissibility of testimony by those proposed expert witnesses on any grounds, then he must do so **on or before May 13, 2021**.  Responses and replies to any such

motions will be filed in due course according to the briefing schedule specified by Local Rule 7.1(e).

It is further **ORDERED** that all Jencks Act material which the government does not intend to withhold until trial must be disclosed **at least 30 days before trial**, and the government's proposed witness and exhibit lists must furnished to counsel and the Court **at least 21 days before trial**.

It is further **ORDERED** that if the parties intend either jointly or separately to propose the use of a jury questionnaire, then they shall submit a proposal to the Court on that topic by filing an appropriate stipulation or motion **on or before May 31, 2020**.

It is further **ORDERED** that the parties must appear for a final pretrial conference **on September 14, 2021 at 2:00 p.m.**

It is further **ORDERED** that the jury trial will begin **on October 5, 2021 at 8:30 a.m.**

It is further **ORDERED** that the time between September 2, 2020 and the new trial date of October 5, 2021 shall be **EXCLUDED** from the 70-day calculation under the Speedy Trial Act, for all of the reasons stated above.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   September 2, 2020