UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

              Plaintiff,          Case No. 18-20495

   v.

                              Hon. David M. Lawson

Ibraheem Izzy Musaibli,

              Defendant.

_____/

## MOTION REGARDING ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS

Defendant Ibraheem Izzy Musaibli, through his attorneys, moves this Court for an order requiring the Government to disclose statements that it may seek to admit as co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E), and subsequently as necessary for an evidentiary hearing to determine whether any such co-conspiracy statements meet the admissibility evidentiary bar under Rule 801(d)(2)(E) pursuant to *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978) and *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979).  In support, counsel states that:

1.    Defendant is charged in a First Superseding Indictment with Providing and Attempting to Provide Material Support to a Designated Foreign Terrorist Organization—18 U.S.C. § 2339B (Count 1), Conspiracy to Provide Material Support to a Foreign Terrorist Organization—18 U.S.C. §

2339B (Count 2), and Receipt of Military-Type Training from a Foreign Terrorist Organization—18 U.S.C. § 2339D(a) (Count 4).[1]

2.      Count 2, describing the conspiracy offense, alleges merely that the offense occurred "in or about" October 2015 and June 2018, "within the extraterritorial jurisdiction of the United States", and that the Defendant "did knowingly conspire with others to provide material support in the form of personnel and services" to ISIS.

3.      The Government has not identified to the defense any statements that it intends to admit under Rule 801(d)(2)(E); however, it is common in conspiracy cases for the Government to seek admission of alleged co-conspirators statements pursuant to Rule 801(d)(2)(E) in support of the alleged conspiracy.  In such an effort, the Government typically argues that Rule 801(d)(2)(E) permits admission of the out-of-court statement as nonhearsay, and as substantive evidence.

4.      As a threshold matter, the Court must determine whether alleged co-conspirator hearsay statements are admissible under Rule 801(d)(2)(E). See *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *Enright*, 579 F.2d at 986-87.  The party seeking to offer the statements must lay the proper foundation by a preponderance of the evidence.  *Bourjaily,* 483 U.S. at 176.

---

[1]      The Court dismissed Count 3 of the First Superseding Indictment.

5.     Here, the Government bears the burden of showing by a preponderance of the evidence that: (a) a conspiracy existed; (b) the defendant against whom the hearsay is offered was a member of the conspiracy; and (c) the hearsay statements offered were in-fact made during and in furtherance of such conspiracy.  Fed. R. Evid. 801(d)(2)(E); *see also Vinson*, 606 F.2d at 152; *United States v. Benson*, 591 F.3d 491, 501-02 (6th Cir. 2010).

6.     Under *Vinson,* 606 F.2d at 152-53, there are three options for this Court to utilize in making a determination as to the admissibility of hearsay statements under Rule 801(d)(2)(E):

(a) a pretrial hearing may be held whereby the Court, without the jury, hears the Government's proof of the conspiracy and makes a preliminary finding under *Enright*;

(b) the Government may be required to meet its initial burden by producing the non-hearsay evidence of conspiracy prior to making a finding pursuant to *Enright*; and

(c) the Court may conditionally admit the hearsay statements subject to a later determination of the admissibility by a preponderance of the evidence.  In this option, if the Government fails to meet its burden at the end of its case-in-chief, this Court should rule on the defendant's hearsay objection.  If the Court finds that the Government failed to meet its burden, it should declare a mistrial upon motion by the defendant, unless convinced that a cautionary instruction would shield the defendant from prejudice.

7.     Defendant cannot challenge the admissibility of alleged co-conspirator statements unless and until the Government reasonably identifies the statements, or at least the type of statements, that it may seek to admit as such.  To date, the Government provided the defense with voluminous discovery.  Within the universe of that discovery there may be a solar system of truly relevant evidence, and within that solar system there may be needles of evidence in the form of possible co-conspirator statements.  Thus far, no such needles are readily apparent to the defense.

8.     In order to avoid unfair surprise, permit the timely and efficient litigation of these issues, and avoid the substantial risk of prejudice to the Defendant if the statements should not be admitted at trial, the Defendant requests disclosure of alleged co-conspirator statements that the Government intends to introduce sufficiently in advance of trial to permit a hearing on their admissibility.

9.     Per Local Rule 7.1(a), defense counsel communicated with the Government regarding this Motion and it does not concur in the requested relief.

WHEREFORE Defendant requests that this Court order the Government to: (1) provide him notice of alleged co-conspirator statements that it presently identified as statements that it may seek to introduce at trial:

(2) the type of co-conspirator statements it may seek to admit if none are presently identified; and (3) provide him with notice of any after-identified statements no later than 90 days prior to trial.

Submitted,

/s/ John A. Shea
John A. Shea (P37634)
Counsel for Ibraheem I. Musaibli
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: 734.995.4646
Email: jashea@earthlink.net

James R. Gerometta
Fabián Rentería Franco
Counsel for Ibraheem I. Musaibli
FEDERAL COMMUNITY DEFENDER
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Phone: 313.967.5542
Facsimile: 313.962.0685

Dated:  December 31, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                    Plaintiff,          Case No. 18-20495

   v.

                                   Hon. David M. Lawson

Ibraheem Izzy Musaibli,

                    Defendant.

_____/

**BRIEF IN SUPPORT OF MOTION REGARDING ADMISSIBILITY
OF CO-CONSPIRATOR STATEMENTS**

Defendant is charged in a First Superseding Indictment with Providing and Attempting to Provide Material Support to a Designated Foreign Terrorist Organization—18 U.S.C. § 2339B (Count 1), Conspiracy to Provide Material Support—18 U.S.C. § 2339B (Count 2), and Receipt of Military-Type Training from a Foreign Terrorist Organization—18 U.S.C. § 2339D(a) (Count 4).[1]  This Motion involves Count 2, the conspiracy charge.

Count 2, describing the conspiracy offense, alleges merely that the offense occurred "in or about" October 2015 and June 2018, "within the extraterritorial jurisdiction of the United States", and that the Defendant

_____

[1]      The Court dismissed Count 3 of the First Superseding Indictment.

"did knowingly conspire with others to provide material support in the form of personnel and services" to ISIS.  No further detail is provided.

The Government has not identified to the defense any statements that it intends to admit under Federal Rule of Evidence 801(d)(2)(E); however, it is common in conspiracy cases for the Government to seek admission of alleged co-conspirators statements pursuant to that Rule in support of the alleged conspiracy.  In such an effort, the Government argues that the Rule permits admission of the out-of-court statement as nonhearsay, and as substantive evidence.

The defense seeks notice of such statements, in order to preserve and advance its right to challenge their admissibility before trial.

## I.  Applicable Law

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008) (quoting Federal Rules of Evidence 801(c)).

This Court has the responsibility to determine whether alleged co-conspirator statements are admissible as nonhearsay under Federal Rules of Evidence 801(d)(2)(E).  *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978).

2

The relevant Federal Rule of Evidence to this argument is Rule 801(d)(2)(E), which provides as follows:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
> \*      \*      \*
>
> > (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
> >
> > \*      \*      \*
> >
> > > (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

The party seeking to offer co-conspirator hearsay statements bears the burden to prove the foundational facts relevant to admissibility under Rule 801(d)(2)(E) by a preponderance of the evidence. *Bourjaily,* 483 U.S. at 176.

To admit the proffered statements, the Government must prove the existence of the conspiracy using a three-prong test, commonly referred to in the Sixth Circuit as an "*Enright* finding." *See Enright*, 579 F.2d 986-87; *see also Vinson*, 606 F.2d at 152; *United States v. Benson*, 591 F.3d 491, 501-02 (6th Cir. 2010). It is the Government's burden to show by a preponderance of the evidence, not merely allege, that it meets all three prongs. *See United States v. Benson*, 591 F.3d 491, 501-02 (6th Cir. 2010).

3

*First*: The Government must prove that the alleged conspiracy existed. *Vinson*, 606 F.2d at 152.

*Second*: The Government must show that a defendant against whom the hearsay statement is offered was a member of the conspiracy. *Id.* In order to be found a member of a conspiracy, the alleged conspirator must have the "specific intent, actual or implied, to violate federal law." *United States v. Searan*, 259 F.3d 434, 441 (6th Cir. 2001) (citing *United States v. Garafola*, 471 F.2d 291 (6th Cir. 1972)). The alleged conspirator must have, at a minimum, knowledge "of the essential nature of the plan and their connections with it." *Blumenthal v. United States*, 332 U.S. 539, 557 (1947); *see also United States v. Franklin*, 608 F.2d 241, 246 (6th Cir. 1979). Specifically, "one who has no knowledge of the object of a conspiracy cannot be a conspirator, for the intent to participate is lacking. . . . Moreover, evidence of knowledge must be clear and not equivocal." *Stanley v. United States*, 245 F.2d 427, 430 (6th Cir. 1957) (citing *Direct Sales Co. v. United States*, 319 U.S. 703 (1943)).

*Third*: The Court must determine if the hearsay statement offered by the party in-fact was made during the course and in furtherance of such conspiracy. *Vinson*, 606 F.2d at 152

Under Federal Rules of Evidence Rule 104(a), this Court must make a

4

factual finding using a preponderance of the evidence standard to determine if the Government met its burden of proof.  In making such determination, its "judicial fact-finding responsibilities . . . require [it] to evaluate both credibility and the weight of the evidence." *James R. Snyder Co. v. Assoc. Gen. Contractors*, 677 F.2d 1111, 1116-17 (6th Cir. 1982) (quoting *Enright*, 579 F.2d at 985).  And the Court may not solely rely only upon hearsay statements.  "Because hearsay is presumptively unreliable, sufficient independent and corroborating evidence of [the alleged conspirator's] knowledge and participation in the conspiracy must be produced to rebut and overcome the presumed unreliability of the proffered out-of-court statement." *United States v. Conrad*, 507 F3d 424, 429 (6th Cir. 2007) (citing *United States v. Clark*, 18 F.3d 1337, 1341 (6th Cir. 1994).

Procedurally, the Sixth Circuit recognizes three common options for courts to make a determination as to the admissibility of hearsay statements under Rule 801(d)(2)(E): (1) a pretrial hearing may be held whereby the Court, without the jury, hears the Government's proof of the conspiracy and makes a preliminary finding under *Enright*; (2) the Government may be required to meet its initial burden by producing evidence of the alleged conspiracy prior to making a finding pursuant to *Enright* of the admissibility of the alleged co-conspirator statements; and (3) conditionally admit the

5

alleged co-conspirator statements subject to a later determination of the admissibility by a preponderance of the evidence. In this last option, if the Government fails to meet its burden at the end of its case-in-chief, this Court should rule on the defendant's hearsay objection. If the Court finds that the Government failed to meet its burden, it should declare a mistrial upon motion by the defendant, unless convinced that a cautionary instruction would shield the defendant from prejudice. *Vinson*, 606 F.2d at 152-53.

## II. Request for Ruling

The Government provided the defense with a great deal of discovery, but it is difficult to identify within that discovery where (in the Government's view) the evidence of "conspiracy" exists in the form of co-conspirator statements. Absent advance notice of that evidence, the defense cannot challenge it under *Enright/Vinson* and protect the Defendant from the substantial risk of unfair prejudice should such statements be admitted improperly.

In order to avoid unfair surprise, permit the timely and efficient litigation of these issues, and protect the Defendant against this prejudice, the defense requests disclosure of alleged co-conspirator statements that the Government intends to introduce sufficiently in advance of trial. This permits a hearing on the admissibility of such statements, if needed.

6

Accordingly, the Defendant requests that this Court order the Government to: (1) provide him notice of alleged co-conspirator statements that it presently identified as statements that it may seek to introduce at trial: (2) the type of co-conspirator statements it may seek to admit if none are presently identified; and (3) that it provide him with notice of any after-identified statements no later than 90 days prior to trial, so that the defense has an opportunity to challenge its admissibility.

Submitted,

/s/ John A. Shea
John A. Shea (P37634)
Counsel for Ibraheem I. Musaibli
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: 734.995.4646
Email: jashea@earthlink.net

James R. Gerometta
Fabián Rentería Franco
Counsel for Ibraheem I. Musaibli
FEDERAL COMMUNITY DEFENDER
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Phone: 313.967.5542
Dated:  December 31, 2020        Facsimile: 313.962.0685

7

## Certificate of Service

I certify that on December 31, 2020, I filed

- **Motion Regarding Admissibility of Co-Conspirator Statements**

through the court's docketing system, which should send notification to opposing counsel of record.

/s/ Fabián Rentería Franco
Fabián Rentería Franco
Counsel for Ibraheem Musaibli
FEDERAL COMMUNITY DEFENDER
613 Abbott St., Suite 500
Detroit, MI 48226
P: 313.463.6143
E: Fabian_Renteria_Franco@fd.org

Dated: December 31, 2020