**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs                              Case No.   18-cr-20495
                                  HONORABLE DAVID M. LAWSON

IBRAHEEM IZZY MUSAIBLI,

        Defendant.
_____/

## MOTION TO MODIFY BOND AND PERMIT PRETRIAL RELEASE

    Defendant Ibraheem Izzy Musaibli, by his attorneys James R. Gerometta, Fabián Rentería Franco, and John A. Shea, brings this Motion to Modify Bond and Permit Pretrial Release, and in support says as follows:

    1.    Defendant is charged in a First Superseding Indictment with Providing/Attempting to Provide Material Support to a Foreign Terrorist Organization—18 U.S.C. §2339B (Count 1), Conspiracy to Provide/Attempt to Provide Material Support—18 U.S.C. §2339B (Count 2), and Receipt of Military-Type Training from a Foreign Terrorist Organization—18 U.S.C. §2339D(a) (Count 4).[1]

    2.   On July 27, 2018, Defendant was arraigned on the initial indictment, and agreed to entry of a Consent Order of Detention Pending Trial/Hearing.  [ECF No. 11.]  He has been detained ever since.

---

[1]The Court dismissed Count 3 of the First Superseding Indictment.

3. The Consent Order of Detention expressly provides that Mr. Musaibli "reserv[ed] his right to a full detention hearing before the magistrate judge," and "no adverse findings are made against defendant" on account of his initial waiver of a detention hearing. [ECF No. 11.]

3. Although for a time Mr. Musaibli was held at the Federal Detention Center in Milan, since his return from competency evaluations, approximately on or around May 1, 2020, he has been detained at Livingston County Jail.

4. At the Livingston County Jail, Mr. Musaibli was for a time held in general population. (Mr. Musaibli previously was in general population at FDC-Milan and other federal BOP facilities.) Due to threats and hostility he faced over his religion at Livingston, he soon was moved into protective custody. This was not necessary when he was detained at the FDC-Milan, because that facility houses a substantial Muslim population.

5. In the Livingston County Jail, "protective custody" means that Mr. Musaibli is locked down 22-23 hours per day. During his 1-2 hours when allowed out of his cell, he must attend to personal hygiene, he has limited access to a phone for calls with family, and he has limited recreation. When in his cell, he essentially is cut off from the world; there is no television, radio, or other contemporaneous sources of news or entertainment. This is the functional equivalent of what is often called solitary confinement.

6. It is beyond dispute that solitary confinement--the isolation of a person for all but an hour or so a day--is very damaging to mental health. Prolonged solitary confinement, meaning anything longer than a few weeks, has been associated with loss of brain function that may be irreversible. See generally, Stuart Grassian, *Psychiatric Effects of Solitary Confinement*, 22 Wash. U. J. L. & Pol'y 325 (2006), *available at* https://perma.cc/XJY4-JAFL; Dana G. Smith, *Neuroscientists Make a Case Against Solitary Confinement*, Scientific American, 11/9/18, https://perma.cc/3JJA-7H4J.

7. Although Mr. Musaibli's competency evaluations concluded that he did not suffer from mental illness or neurological cognitive dysfunction, the reports did not find him to be the picture of mental health either. Various symptomology of mental/emotional health disorders were described, and this was after weeks of observation in a general-population hospital setting.

8. Counsel have noted increasing emotional distress and deterioration in Mr. Musaibli's overall mental functioning since his time at the LCJ.

9. Due to the nature of the charges, Mr. Musaibli is presumed to be a flight risk and a danger to the community if released. 18 U.S.C. § 3142(e)(3)(C). However, those presumptions may be rebutted at a detention hearing, where the Court may consider conditions that mitigate flight risk and risk of criminal behavior.

10. At such a hearing, the evidence would show that:

- Mr. Musaibli, born in Detroit, was raised in Dearborn and that remains his city of residence.

- His parents, siblings, and many of his extended family still live in Dearborn or nearby, and if he is released would support him with food, housing, and employment.

- This case represents Mr. Musaibli's only involvement with the criminal justice system.

- But for the allegations in this case, Mr. Musaibli has never been accused of threatening or violent behavior directed at anyone.

- The unlawful behavior at issue in this case took place entirely overseas, in a war zone within the very turbulent Middle East. His alleged actions there do not translate into dangerousness domestically.

- While Mr. Musaibli has traveled internationally in the past, his passport was seized while he was overseas and currently he has no passport. If released, the Court certainly will bar him from obtaining a passport and the federal government has ample means of monitoring that.

- If released, the federal government also has ample means of monitoring Mr. Musaibli's location and activities, including house arrest, GPS monitoring, and regular reporting.

11. At such a hearing, the presumption shifts the burden of production, not persuasion, to the defense. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Defense counsel meets this burden by presenting evidence that Mr. Musaibli does not pose a danger to the community or a flight risk. This burden "'is not heavy' * * * ." *Id*. Upon meeting it, the Government retains the burden of proof that no condition or combination of conditions reasonably will assure Mr. Musaibli's appearance or community safety, *Stone, supra*, which standard of proof is by a

4

preponderance where the issue is risk of flight, and clear and convincing evidence if the issue is dangerousness. 18 U.S.C. § 3142(f).

12.  The defense has no objection to a hearing on this motion proceeding by proffer.

WHEREFORE Defendant Ibraheem Izzy Musaibli requests that the Court reconsider the existing Consent Order of Detention, and enter an order of pretrial release with such conditions as the Court deems necessary and appropriate; or, alternatively, to remand this motion to the magistrate judge for its consideration.

Dated:  April 8, 2021                    s/John A. Shea
                                         John A. Shea (P37634)
                                         Attorney for Defendant
                                         120 N. Fourth Avenue
                                         Ann Arbor, Michigan 48104
                                         (734) 995-4646
                                         jashea@earthlink.net

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs                                              Case No. 18-cr-20495
                                              HONORABLE DAVID M. LAWSON

IBRAHEEM IZZY MUSAIBLI,

        Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION**
**TO MODIFY BOND AND PERMIT PRETRIAL RELEASE**

    In support of his *Motion to Modify Bond and Permit Pretrial Release*, Defendant relies on the facts, statute, jurisprudence, and secondary materials cited therein.

Dated: April 8, 2021                            s/John A. Shea
                                                          John A. Shea (P37634)
                                                           Attorney for Defendant
                                                           120 N. Fourth Avenue
                                                           Ann Arbor, Michigan 48104
                                                           (734) 995-4646
                                                           jashea@earthlink.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 8, 2021, he electronically filed Defendant's *Motion to Modify Bond and Permit Pretrial Release,* together with *Brief in Support* of same. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Dated:  April 8, 2021                              s/Fabián Rentería Franco
                                                                                Fabián Rentería Franco
                                                                                Attorney for Defendant