UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case Number 18-20495

v.                                                   Honorable David M. Lawson

IBRAHEEM IZZY MUSAIBLI,

        Defendant.
_____/

**ORDER DENYING MOTION FOR RELEASE ON BOND**

This matter is before the Court on the defendant's motion to vacate the order of detention and for release on bond pending trial. The Court has reviewed the submissions of the parties and heard oral argument on May 10, 2021. At the end of the hearing, the Court found, based on all of the information submitted by the parties, that there is no condition or combination of conditions that reasonably would assure the defendant's appearance at trial, and the Court announced from the bench its decision to deny the motion.

The Bail Reform Act favors pretrial release. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). (observing that "[t]he default position of the law . . . is that a defendant should be released pending trial"). Detention may be ordered "only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Ibid.* (quoting 18 U.S.C. § 3142(e)). In making this determination, the Court must consider:

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)    the weight of the evidence against the person;

  (3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant was charged in a superseding indictment with providing and conspiring to provide material support to a foreign terrorist organization, 18 U.S.C. § 2339B (Counts I and II), and receiving military type training from a foreign terrorist organization 18 U.S.C. § 2339D(a) (Count IV). On July 27, 2018, the defendant consented to be detained while awaiting trial, and a consent order of detention was entered. The pretrial proceedings in this matter have occupied significant time, including several examinations to assess the defendant's competency to stand trial, and the hearing and adjudication of numerous pretrial motions, some of which remain pending. The trial also unavoidably has been delayed by the circumstances of the ongoing global pandemic. The defendant filed his motion for release on bond on April 8, 2021.

Because the defendant has been charged with serious terrorism crimes, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance as required. 18 U.S.C. §§ 3142(e)(3)(B). However, even where the defendant has introduced some evidence suggesting that he may not pose a risk of flight, "'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "The presumption remains as a factor

because it is not simply an evidentiary tool designed for the courts.  Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Ibid.*

After considering the record of the proceedings and the presentations of the parties, the Court finds that the defendant has failed to put forth sufficient evidence to rebut the presumption of detention, and the government has established by a preponderance of the evidence that no condition or combination of conditions reasonably will assure his appearance at trial.

The defendant argues that the risk of flight is minimal because he could be subjected to GPS location monitoring and he does not presently hold a valid passport.  He also asserts that there is no direct evidence corroborating the allegations that he engaged in combat while abroad, and he contends that his behavior while in a foreign war zone cannot be imputed to discern the likely course of his conduct while residing in a peaceful situation here.  He also asserts that there is no indication in his personal history of any violent or dangerous conduct preceding the incidents for which he is charged in this case.  The government responds that it has produced hundreds of pages of text messages sent by the defendant to government agents that amply document his antipathy toward America and his ardent desire to return to Yemen.  It also asserts that recordings of jail calls since the defendant has been confined reveal that the defendant has an extremely contentious relationship with his father, who has volunteered to serve as a third-party custodian if the defendant is released on bond.  The government also contends that enlistment records which mention the defendant and physical injuries that he received while abroad substantiate the charges that he actively engaged in combat while on duty with ISIS forces.

The Court observes, as an initial matter, that due to the nature of the location monitoring technology that is available for keeping tabs on individuals who are released on bond, a motivated

individual has within his or her means the ability to defeat that technology and find a way to leave the district if he or she so desires. The Court also notes, as the government points out, that the defendant proposes upon his release to return to the same circumstances of family life that he previously found so unsatisfactory and intolerable that he was motivated to travel overseas to the middle east. The Court finds that the defendant's prior social trajectory amply demonstrates his antipathy to the local and national culture in which he would be immersed if released. Based on those circumstances, the Court finds that there is no condition or combination of conditions that could mitigate the apparent — and apparently unaltered — sentiment that powerfully would motivate the defendant to leave the jurisdiction. The Court therefore finds by clear and convincing evidence that there is no condition or combination of conditions that can assure the defendant's appearance for trial. The Court further finds that the defendant has failed to advance sufficient evidence to rebut the presumption that he should be detained.

However, the defendant has outlined conditions of confinement at the Livingston County Jail, where he is lodged presently by the United States Marshal's Service, which amount to solitary confinement. That circumstance apparently results from the limitations of the facility to protect the defendant's welfare. However, the conditions are intolerable for a pretrial detainee. There is reason to believe that they would not be necessary at a different facility, such as the detention center at Milan, Michigan. If a transfer cannot be arranged, the Court will have to reconsider whether alternatives to pretrial detention will assure the defendant's appearance and the safety of the community.

Accordingly, it is **ORDERED** that the defendant's motion for release on bond (ECF No. 133) is **DENIED** for the reasons stated above and those stated on the record. However, if the

defendant is not transferred to a different situation of confinement within one week, then the Court will entertain a renewed request for release on bond.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 10, 2021