UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.

Ibraheem Izzy Musaibli,

      Defendant.
_____/

Case No. 18-20495

Hon. David M. Lawson

## Motion and Brief in Support of Motion to Adjourn Trial and Find Excludable Delay

Ibraheem Izzy Musaibli through undersigned counsel moves this Court to adjourn his trial date by approximately 90 days to January 11, 2022, and make a finding of excludable delay pursuant to 18 U.S.C. § 3161(h)(7). Mr. Musaibli files a supporting brief in support of this Motion, and states here that:

Trial is currently scheduled for October 5, 2021.

The worldwide COVID-19 pandemic directly affected court operations in the 17 months since the court closed to regular in-person operations, including jury trials.

COVID-19 continues to affect the health and safety of the community at large.

Modeling by the University of Michigan predicts a surge in COVID-19 cases caused by the Delta-variant peaking in October.

Trial should be adjourned by approximately 90 days because of the expected COVID-19 surge in the state of Michigan, explained in detail in the accompanying supporting brief.

Government counsel does not oppose this request.

For the reasons above and in the accompanying brief, this Court should enter an order finding excludable delay and resetting Mr. Musaibli's trial date for January 11, 2022.

//

//

//

//

//

//

//

//

//

//

//

## Brief in Support of Motion to Adjourn Trial and Find Excludable Delay

On July 25, 2018, Ibraheem Izzy Musaibli made his initial appearance on an indictment in this case. Mr. Musaibli consented to detention on July 27, 2018.

On September 2, 2020, the Court granted Mr. Musaibli's unopposed request for a new scheduling order and excluding time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). *See* ECF No. 100. The Court set trial for October 5, 2021. The Court held a status conference with the parties to discuss the case on September 1, 2021, where defense counsel raised the issue of trial scheduling.

Mr. Musaibli moves this Court to cancel trial set for October 5, 2021, and adjourn for approximately 90 days to set the new trial date as January 11, 2022, along with resetting any other required pretrial dates. Mr. Musaibli further moves the Court to find that the time period between October 5, 2021, to January 11, 2022, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Per the local rules, defense counsel communicated with government counsel about this request. Government counsel does not oppose the

schedule adjustment. Indeed, at a recent status conference they shared defense counsels' concerns about proceeding as scheduled in the face of the Delta-variant surge and projected peak in October, especially given their reliance on witnesses expected to travel here from out-of-state and even out-of-country.

Mr. Musaibli submits the following in support of a finding of excludable delay.

First: COVID-19 infections, hospitalizations, and deaths are in a sharp upward trajectory. While there might not be a perfect time to hold trial in this case, given the ongoing COVID-19 pandemic, defense counsel submits that this might be the one of the most difficult periods to hold trial because of the COVID-19 Delta-variant spread.

According to University of Michigan Public Health modeling scenarios for the state of Michigan, the surge of infections, hospitalizations, and death will potentially peak mid-October. *See* Craig Mauger and Sarah Rahal, *Fourth COVID-19 surge looming for Michigan, state projections suggest*, The Detroit News (Aug. 11, 2021), https://bit.ly/3BQisB0. The data as of August 31, 2021, is that COVID-19 is spreading faster: statewide positivity increased to 9.1%, the state is at a "high transmission" level (this includes Detroit), and the number of active outbreaks is 11% higher when compared

4

to the previous week. State of Michigan, MI COVID Response Data and Modeling Update at 7 (Aug. 31, 2021), *available at* https://bit.ly/3l5GX7b. As of that same date, the statewide hospitalization rate has increased 10% from the previous data week, which showed then a 29% increase. *Id.* at 23.

Breakthrough COVID-19 positive cases are occurring. Approximately half of the State's population (49.5%) is unvaccinated, and they account for approximately 80% of the COVID-19 positive cases, hospitalizations, and deaths. That means that approximately 20% of the new cases, hospitalizations and deaths are occurring among the 50.5% of Michigan's population that is fully vaccinated. *Id.* at 32.

Counsel submits that the jury venire will assemble from areas that do not have similar vaccination rates, including areas with rates that will be lower than the statewide rate. Trial at the courthouse will not be immune from the much easier spreading Delta-variant. In addition to the variability in juror vaccination rates, witnesses are coming from overseas and some might not be vaccinated against COVID-19 as occurred during the recent evidentiary hearings held in this case. This witnesses could be carrying other variants from their overseas locale.

Second: The Theodore Levin courthouse is scheduled to reopen for in-person criminal proceedings on September 7, 2021, though jury trials are to

5

be held in limited form. The ongoing pandemic and continued practical manner in which to hold in-person hearings pose mounting challenges in which to hold a jury trial, much more a multi-week trial of the nature to be held in Mr. Musaibli's case. For example, this district began the first criminal trial with a jury on August 16, 2021, and by the end of August 17, 2021, the court paused proceedings because of a positive-COVID case exposure. *See US v. Patino*, Case No. 18-cr-20451 (Hood, J.); Robert Snell, *COVID-19 exposure derails trial of surgeon in epic healthcare fraud case*, The Detroit News (Aug. 19, 2021), https://perma.cc/SR4S-SBY2. The judge and three staffers needed to quarantine. *Mich. Judge Quarantining as Virus Halts 1st Live Criminal Trial*, Law360 (Aug. 19, 2021), https://bit.ly/3l4IwBY. Trial dates were cancelled. Trial is now set to recommence on September 8, 2021.

Defense counsel believes that Mr. Musaibli's trial may last four or more weeks. Such a lengthy trial, with COVID-19 infection models predicting increasing infections and hospitalizations in the coming weeks, will result in a higher likelihood of potential infections while trial is ongoing. Such infections likely will result in breaks (of at least ten days to quarantine), or other delays midtrial, that at best are inconvenient and inefficient for all, and at worst will materially disadvantage one party or another as the thread of a trial presentation gets lost; jurors cannot stop and remember information

6

testified to many days before, witnesses and jurors may become unavailable, etc.

The length of this trial and potential delay puts further uncertainty on the schedule of jurors, the very individuals deciding whether Mr. Mr. Musaibli is guilty of these serious charges.

Third: Mr. Musaibli is not vaccinated against COVID-19 and has no plans to receive a vaccination in the near future. Protecting his health is paramount during a trial when he will be transported to and from the courthouse and have contact with many individuals during the many weeks it is set to take.

Fourth: Defense counsel have specific health concerns. Members of the defense team must take affirmative steps to be in the safest environment possible to avoid a breakthrough infection. At least one member suffers from preexisting medical comorbidities that could subject him to a severe form of a COVID-19 infection and another team member has immediate family that is immunocompromised.

Fifth: Mr. Musaibli's strong preference is to not wear a face mask during trial in order for the jury and this Court to observe Mr. Musaibli and his demeanor. Mr. Musaibli wearing a mask would deprive him of the humanity he presents and ability to be observed by those judging him.

Sixth: Defense counsel has met several times with Mr. Musaibli to discuss this Motion and need for delay, as recently as September 3, 2021. Mr. Musaibli agrees that it is in his best interest to reset trial for January 11, 2022, for all the reasons mentioned above and for the possibility of him not wearing a face mask during trial.

## Conclusion

For the reasons stated above, the ends of justice served by the granting of the requested adjournment outweigh the best interests of the public and Mr. Musaibli in a speedy trial. Therefore, the defense counsel requests that under the Speedy Trial Act, the Court deem the period of delay because of this adjournment is excluded in computing the time.

Submitted,

| | |
|---|---|
| John A. Shea (P37634)<br>Counsel for Ibraheem I. Musaibli<br>120 N. Fourth Avenue<br>Ann Arbor, Michigan 48104<br>P: 734.995.4646<br>E: jashea@earthlink.net | s/ Fabián Rentería Franco<br>James R. Gerometta<br>Fabián Rentería Franco<br>Counsel for Ibraheem I. Musaibli<br>FEDERAL COMMUNITY DEFENDER<br>613 Abbott Street, Suite 500<br>Detroit, Michigan 48226<br>P: 313.463.6143<br>E: fabian_renteria_franco@fd.org |

Dated: September 7, 2021

## Certificate of Service

I certify that on September 7, 2021, I filed the

**Motion and Brief in Support of Motion to Adjourn Trial and Find Excludable Delay**

through the court's docketing system, which should send notification to opposing counsel of record.

/s/ Fabián Rentería Franco
Fabián Rentería Franco
