UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case Number 18-20495

v.                                            Honorable David M. Lawson

IBRAHEEM IZZY MUSAIBLI,

                Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Defendant Ibraheem Izzy Musaibli is charged in three counts of a superseding indictment with terrorism-related crimes involving a foreign organization. The indictment does not provide much detail about the charges, and the defendant has moved for a Bill of Particulars that would provide specific accusations about the defendant's conduct over the 38-month period alleged in the superseding indictment, and identify by name the co-conspirators with whom he allegedly acted to provide material support to the terrorist organization. The government believes that the voluminous discovery furnished to date answers most of these questions and that it has no obligations to identify the co-conspirators. Although much of the information the defendant seeks can be found in the discovery materials, because of the bare-bones nature of the indictment and the broad swath of time it encompasses, the government must provide a Bill of Particulars that identifies times and locations of the conduct it alleges, as more fully explained below.

I.

Musaibli has been charged in a superseding indictment with providing and attempting to provide material support to a terrorist organization, contrary to 18 U.S.C. § 2339B (Count 1), conspiring to provide material support to a terrorist organization (same) (Count 2), and receiving

military-type training from a foreign terrorist organization, 18 U.S.C. § 2339D(a) (Count 4).  The defendant also previously was charged with possessing and discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A), (B)(ii), but the parties stipulated to dismiss that count.

The indictment discloses few details of the defendant's alleged participation in terrorist activities, and it only alleges generally that (1) between October 2015 and February 2016 he was trained by the Islamic State of Iraq and al-Sham (ISIS), (2) from April 2015 through June 2018 he provided and conspired to provide unspecified "support" to the organization, and (3) during those times he knew that ISIS was a designated foreign terrorist organization.

Although not included in any charging document, the government's opposition to the motion for a bill of particulars offers a somewhat more illuminating narrative of the defendant's involvement with ISIS, which comprises the following.

According to the government, Musaibli is an American citizen who was born in Dearborn, Michigan.  In April 2015, he left the United States and went to Yemen.  His trip abroad allegedly was inspired by "jihadi materials" that he had encountered, including lectures by Anwar al-Awlaki. While in Yemen, the defendant supposedly perused various ISIS propaganda materials via the internet, and in October 2015 he left Yemen and traveled to Syria, by way of Saudi Arabia and Turkey.  Although his arrival in Turkey was documented, there was no official record of his departure, and the defendant allegedly admitted that he crossed the border into Syria illicitly.  Upon arrival in Syria, says the government, he joined ISIS.

The government's brief adds more details: after his enlistment with ISIS, Musaibli spent three weeks training with two terrorist units of the organization.  He then was sent to Raqqa, Syria, for ten days of religious instruction.  After that, he was sent to Mosul, Iraq, where he spent 20 days

reading and viewing more ISIS propaganda materials, and a further 20 days being trained in an ISIS military camp. The military training began in December 2015 and ran through January 2016, and Musaibli was trained alongside 50 other fellow ISIS recruits. During his training, Musaibli was issued an assault rifle, magazines, grenades, and a tactical vest. The training included lectures on combat tactics and physical fitness routines, and the defendant was taught how to shoot and maintain his rifle and how to use other weapons such as grenades. He also was instructed in military routines such as carrying out guard duty, and on the final day of training he swore an oath of loyalty to ISIS.

After his military training, Musaibli allegedly was assigned to the Tariq bin Ziyad battalion of the ISIS military forces, which is made up mostly of foreign fighters. His battalion then was deployed to join ongoing fighting in Hit, Iraq. While in Hit, the defendant fought in battles and stood guard duty. He continued in service with ISIS forces for around two and a half years. He saw action on several fronts in Iraq and, finally, at ISIS's last stand in Syria, at Dayr Az Zawr.

In April 2018, Musaibli contacted FBI agents, and he then had a series of communications about his situation with FBI Task Force Officer Wendy Kerner. He last communicated with Agent Kerner around June 9, 2018. On July 23, 2018, Musaibli was captured by Syrian Democratic Forces. He subsequently was turned over to the FBI and returned to the U.S. to face the present charges for his involvement with ISIS.

The trial of this case was put off several times at the parties' request and was delayed considerably both by the extended pendency of competency proceedings and recently by the impact of the global pandemic. The parties also jointly asked the Court for more time to develop certain aspects of the case, and in September 2020 the Court issued a new amended scheduling order setting the case for trial on October 5, 2021. Both the complexity of the case and the

continuing complications caused by the pandemic have resulted in the postponement of the trial to January 2022.

II.

The defendant asserts that the indictment frames the charges only in the vaguest terms and does not even specify the location of any allegedly conspiratorial and terrorist conduct, beyond stating that it occurred within this district and "abroad." The defendant acknowledges that he has received "voluminous discovery materials" from the government, but he asserts that none of them indicate specifically what conduct, in what places, at what times, the government intends to prove at trial, and his counsel has been compelled to "wade through" the mass of materials attempting to infer which conduct might be at issue. He asks the Court to direct the government specifically to identify "where, when, and how the Defendant allegedly provided or attempted to provide his person or other resources to ISIS within the 38-month period identified in the Indictment," and to state "in what particular fashion he provided or attempted to provide his personal services," and "what particular other 'resources' the Government alleges he provided or attempted to provide." He also asks for particulars distinguishing when the government believes that he "attempted" to provide support, as opposed to committing the completed offense. He also asks for particulars identifying his co-conspirators by name and stating what support he conspired to provide; and stating when and where he allegedly received military training.

The government responds that it has furnished much of the information the defendant seeks in the discovery material and has summarized it in its response to this motion. It insists that the indictment adequately alleges the elements of the charged offenses and specifies a time frame for each charge which is sufficient to inform the defendant fully about the nature of the charges he will face at trial. The government points out that much of the information about "where," "when,"

- 4 -

and "what" the defendant did was supplied by the defendant himself, based on his own statements to law enforcement, so the defendant already is familiar with details such as when he allegedly attended military training in Iraq.  Finally, the government contends that it is well settled that it has no obligation to disclose the names of co-conspirators; however, it points out that the discovery materials do identify some of the persons by name, including his classmates and instructors at the military training camp.

The defendant replies that, although the government's response included extensive narrative details that appear to illuminate substantially its theory of the case, all of its representations are couched with qualifiers such as "among other things," and the defendant simply wants to know if there are "other things" that the government expects it may prove at trial to make its case; he would like fair notice of what they are.

Federal Rule of Criminal Procedure 7(f) authorizes "[t]he court [to] direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  A Bill of Particulars is needed when the indictment does not provide enough detail

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965)).  It "is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes."  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *Birmley*, 529 F.2d at 108; *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)).  However, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources."  *United States v. Paulino*, 935 F.2d 739 (6th Cir. 1991),

recognized as superseded by statute on other grounds, *United States v. Caseslorente*, 220 F.3d 727, 736 (6th Cir. 2000)).

Taking the government at its word for the extent and nature of information found in the discovery materials, the defendant has not established that he is entitled to a bill of particulars identifying his co-conspirators by name.  Nor has he established that he is entitled to a blow-by-blow accounting of "what" allegedly he did and "when" on each occasion while "receiving training" or "providing support."  However, because of the vague factual basis of the formal charges and lengthy time span involved, the government must state with particularity a general itinerary for each charge consisting of the dates (month and year) and places (at least the country and city or geographic region) where the government intends to prove that the defendant engaged in criminal conduct supporting each count.

The defendant evidently does not dispute that extensive information has been supplied to him comprising, among other things, enlistment and training records memorializing his attendance at a military training camp and his subsequent combat assignments, as well as identifying persons who trained him or whom he trained and fought alongside.  It also must be observed that the Court has held evidentiary hearings during which some of the evidence likely to be introduced at trial was discussed.  The defendant does not challenge the sufficiency of the charges stated in the indictment, which separately stated the general time frame for each offense.  Rather than arguing that he has received *too little* information about the basis of the government's case, he instead asserts that he has received *too much*, and that his counsel has struggled to sort through the mass of materials produced and identify what portions of the information may anchor the charges.  The defendant does not, however, dispute the government's representations about what details that are

disclosed by the materials, which the government says fully memorialize what the defendant allegedly did, with whom, and where.

The defendant principally relies on *United States v. McQuarrie*, No. 16-20499, 2018 WL 372702, at \*5 (E.D. Mich. Jan. 11, 2018), where a bill of particulars as to certain counts of a multi-count conspiracy indictment was granted. As the court noted, it is well settled that "[i]f a defendant has received 'ample discovery' which is sufficient to answer the questions advanced in the defendant's motion for a bill of particulars, then the district court does not abuse its discretion in denying the motion." *Id.* at \*5, (citing *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (noting that the defendant did "not claim that his discovery process was in fact unmanageable or that he was unable to prepare a defense")). However, it is equally well recognized that "the Government does not necessarily fulfill its obligation of providing fair notice of the charges 'merely by providing mountains of documents to defense counsel,'" *ibid.* (quoting *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987)), and "[o]ften, a bill of particulars will be necessary to clarify the alleged date and location of certain charged actions," *id.* at \*6 (citing *United States v. Sanders*, 462 F.2d 122, 123 (6th Cir. 1972)). Where the charges embrace an exceedingly broad span of time — around 38 months, in this case — and where the defendant allegedly did numerous things within the time period that may or may not be the subject of various charges, then specifics at least as to the alleged time frame and location of the particular acts embraced by each charge may be appropriate. *See id.* at \*8 ("The first two requests are reasonable and will be granted. As explained above, information regarding the date, location, and other identifying characteristics of a given transaction are appropriate subjects of a bill of particulars. The Count identifies a three-year time period and provides no specifics regarding the individual

transactions which are the subject of the charge. . . . More specific allegations are necessary.") (citations omitted).

In this case, fair notice requires that the government at least states, for each count of the bill, a summary itinerary with the month and year (start and end) and geographic location for each period in which the government intends to prove that the defendant either was "trained" or "gave support" to ISIS.  It certainly ought to know by now and easily be able to supply that much minimal detail about the scope of its case, and such an itinerary would allow the defense to focus on materials within the given time ranges, and to examine the conduct documented at certain places within those times, to discern the basis of any potential factual defense.

The defendant also asks the Court to order a statement of particulars naming his supposed co-conspirators, but "[i]t is well settled that 'the Government is not required to furnish the name of all other co-conspirators in a bill of particulars.'"  *United States v. Raheja*, No. 19-559, 2021 WL 424297, at *10 (N.D. Ohio Feb. 8, 2021) (quoting *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)); *see also McQuarrie*, 2018 WL 372702, at *8 ("[T]he Government cannot be compelled to disclose the names of uncharged co-conspirators. *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). Similarly, a bill of particulars cannot be used to require the Government to provide 'a list of the Government's witnesses.' *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).").

III.

Because the indictment is very sketchy, alleges unlawful conduct only generally, and spans a considerable amount of time, it is appropriate to furnish a Bill of Particulars that identifies certain specifics of the charges as discussed above.

Accordingly, it is **ORDERED** that the defendant's motion for a Bill of Particulars (ECF No. 103) is **GRANTED IN PART**.

It is further **ORDERED** that, **on or before December 10, 2021**, the government must file a Bill of Particulars stating, for each count, a summary itinerary listing the month and year (start and end), and the geographic location (country, and city or geographic locality) for each period in which the government intends to prove at trial that the defendant either was "trained" or "gave material support" to ISIS.  The motion is **DENIED** in all other respects.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 3, 2021