UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff, Case No. 18-20495

v.

Hon. David M. Lawson

Ibraheem Izzy Musaibli,

Defendant.

______________________/

**Motion to Admit Statements of Unavailable Witnesses**

Now comes Defendant Ibraheem Izzy Musaibli by and through undersigned counsel and moves this Court to enter an order admitting statements of overseas witnesses interviewed by the Government but unavailable to Mr. Musaibli. Defendant files a supporting brief and states that:

1. Ibraheem Musaibli is currently charged with providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B; and receipt of military style training from a foreign terrorist organization, in violation of 18 U.S.C. § 2339D(a).
2. Both the First Superseding Indictment and the Bill of Particulars alleged that Mr. Musaibli supported ISIS from October 2015 through June 2018.

3. The Government has provided witness statements from admitted ISIS members who state that during the relevant time period Mr. Musaibli was NOT a member of ISIS. Several witnesses further state that Mr. Musaibli was suspected of being a spy and/or spoke out against ISIS.

4. Counsel for Mr. Musaibli hired investigators to interview these individuals. While one investigator believes he may have located one or more of the witnesses, none of these investigators have been able to make contact with these potential witnesses.

5. The admission of these statements is critical to the defense. Their exclusion would violate Mr. Musaibli's due process right to present a defense.

6. The Government opposes the admission of these statements.

For the reasons above and those stated in the accompanying brief, this Court should enter an order admitting the witness statements.

Submitted,

s/James R. Gerometta
James R. Gerometta
Fabián Rentería Franco
Counsel for Ibraheem I. Musaibli
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: james_gerometta@fd.org
Phone: 313.967.5542

John A. Shea (P37634)
Counsel for Ibraheem I. Musaibli
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: 734.995.4646
Email: jashea@earthlink.net

Dated: December 29, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

Ibraheem Izzy Musaibli,

Defendant.
_____________________/

Case No. 18-20495

Hon. David M. Lawson

**Brief in Support of Motion to Admit Statements of Unavailable Witnesses**

I.

BACKGROUND

Ibraheem Musaibli is currently charged with providing material support to a designated foreign terrorist organization from April 2015 through June 2018, in violation of 18 U.S.C. § 2339B; conspiracy to provide material support to a designated foreign terrorist organization from October 2015 through June 2018, in violation of 18 U.S.C. § 2339B; and receipt of military style training from a foreign terrorist organization, in violation of 18 U.S.C. § 2339D(a). The bill of particulars relative to the first two counts list events from October 2015 through June 2018.

As part of discovery, on October 19, 2018, the Government provided witness statements from admitted ISIS members who were interviewed by the FBI while in SDF custody. The witnesses stated that Mr. Musaibli was not part of ISIS during at

least part of the relevant time period and was either thought to be a spy or spoke out publicly against ISIS.[1] The Government's disclosure included the following witness statements:

- Rayan Abid-Alqadir al-Zihrani: al-Zihrani identified Mr. Musaibli and stated that he last saw him in the Dayr az Zayr area in January 2018. Mr. Musaibli would travel with Warren Clark, another American who appeared to be mentally ill. Mr. Musaibli did not have a home and slept in a mosque.
- Yusif Hassan Musaif: Musaif last saw Mr. Musaibli in Gharanij, Syria, in January of 2018. Musaif identified Mr. Musaibli as an American of Yemeni descent. Mr. Musaibli had been arrested and imprisoned by the ISIS Amniya on three separate occasions for suspicion of being a spy. Mr. Musaibli was usually seen with two other individuals, one of which was Clark.
- Ayman Muhammad Marwan: Marwan identified Mr. Musaibli as someone always selling sweets outside the Susah internet café around March 2018.

On December 18, 2018, counsel for Mr. Musaibli wrote the Government and asked for assistance in locating and interviewing the these and other witnesses who had been identified at that time. That request was made again on February 1, 2019. On February 19, 2019, the Government responded that the witnesses were in the

---

1 These witnesses' statements are to be filed as a sealed exhibit upon the Court granting the Motion to Seal.

custody of the Syrian Democratic Forces (SDF), a non-state actor, and letters rogatory or Mutual Legal Assistance Treaty procedures were not available to facilitate their interviews and that geopolitical events had "severely impacted" less formal means of securing interviews. "The FBI, for instance, no longer has a presence in Syria due to the recent withdrawal of the United States from Syria." The Government noted that: "The situation in Syria is fluid and if something changes we should revisit this issue."

On June 7, 2019, the Government produced additional discovery that contained the names of two additional ISIS members who provided additional information. These two individuals were within the custody of the SDF when interviewed by the U.S. government. They were interviewed in March 2019, after the February 19, 2019, letter from the government to defense counsel. Those two individuals were:

- Abebe Oboi Ferreira: Oboi met Mr. Musaibli in a mosque near Gharanij, Syria in October 2017. Mr. Musaibli was sleeping in the mosque with others and stated that he wanted to flee Syria. At the time Oboi met him, Mr. Musaibli hated ISIS – he often argued with ISIS members. Mr. Musaibli was not part of ISIS when Oboi met him and was a civilian. Oboi believed that Mr. Musaibli was detained 20 different times by ISIS. Ibraheem went weekly to the ISIS charity office to seek money and had an ISIS civilian ID card.

   Mr. Musaibli was with Oboi from October 2017 to June 2018. In June 2018, Oboi, Warren Clark, and Mr. Musaibli walked to Susah, Syria. There Mr. Musaibli told Oboi he had found a smuggler. Oboi never saw Mr. Musaibli with a weapon. Oboi stated that he personally was jailed for refusing to perform ISIS military service.

- Atiba Joel Grant: Grant stated that Mr. Musaibli was not a member of ISIS when he knew him and that Mr. Musaibli argued with ISIS members. Grant never knew Musaibli to receive money from ISIS.

On June 10, 2019, counsel again wrote the Government asking for assistance in interviewing the witnesses in SDF custody. The Government responded on October 2, 2019, that it had "no obligation to assist the defense in locating witnesses or facilitating interviews of those witnesses," but it did provide an updated location for the six men. Rayan Abid-Alqadir al-Zirhani had been repatriated to Saudi Arabia and Yusif Hassan Musaif had been repatriated to Morocco. The other four men were still believed to be in SDF facilities.

Based on the Government's statements that it would not help facilitate interviews of these men, counsel identified an experienced investigator with experiencing locating and interviewing witnesses in the MENA (Middle East-North Africa) region, Christopher Chang. Mr. Chang was retained to consult with defense counsel in October 2020. He was further retained to develop an investigation plan to

locate and facilitate interviews of the potential witnesses held in SDF custody and witnesses in the Kingdom of Saudi Arabia and Morocco. He later implemented an investigation plan.

Given the staleness of the information regarding the location of these potential witnesses, counsel requested updated information on these witnesses from the Government on September 21, 2021. Counsel also requested to discuss how their interviews and testimony could be facilitated. The Government responded on November 4, 2021, with updated prison locations for a number of the witnesses and again noted that the their assistance in providing updated witness locations should not be interpreted "as an adoption of any affirmative obligation by the United States to facilitate interviews with these potential witnesses."

Even with this updated information, Mr. Chang continued to work on locating witnesses in Syria and Iraq, but he was not successful. *See* Ex. 1 – Declaration of Christopher Chang. The global COVID-19 pandemic and the security risks in Syria and Iraq, individually and cumulatively, contributed to the lack of access into the regions for Mr. Chang and his team. *Id* at ¶¶ 6, 7, 13. Moreover, without proper authorizations from the Autonomous Administration of North and East Syria or local offices such as the Department of Foreign Relations, Mr. Chang is unable to access witnesses currently detained in SDF custody. *Id* at ¶¶ 9-10.

Counsel retained two additional individuals with investigation experience and

deep knowledge of the regions of interest. David York, an experienced documentary journalist who has successfully gained access to SDF prisoners in the past, Ex. 2 – Declaration of David York, and Abdul Haqq Baker, Ex. 3 – Declaration of Abdul Haqq Baker, an expert who assists legal teams on mitigation issues, including identifying witnesses and obtaining their statements, and in understanding cultural, regional and political issues related to Muslim communities with experience in the Kingdom of Saudi Arabia. Counsel could not find an investigator willing to attempt to locate the witness in Morocco without additional unavailable identifying information.

Mr. Chang, Mr. York, and Mr. Baker used techniques that had been successful in the past to locate witnesses and secure interviews, but none were able to facilitate interviews with the potential witnesses in this case. All three submitted declarations regarding their efforts.

## II.

## DUE PROCESS REQUIRES THE ADMISSION OF THE WITNESS STATEMENTS

Hearsay rules normally limit the introduction of out of court statements at trials. However, a defendant's due process rights may outweigh the interest in orderly trials protected by hearsay rules. When a hearsay statement bears persuasive assurances of trustworthiness and is critical to the defense, the exclusion of that statement may rise to the level of a due process violation. *Chia v. Cambra*, 360 F.3d

997, 1003 (9th Cir. 2004).

In *Chia*, the defendant was accused of being involved in the murder of two DEA agents. An individual known to be involved in the murder made four separate statements to law enforcement about the murder and identified others involved, but the defendant was never mentioned. When the individual refused to testify, the trial court declined to admit his out of court statements that the defendant sought to admit as evidence he was not involved. On habeas review, the Ninth Circuit found that, although hearsay, the statements were critical to the defense and had enough indicia of reliability that their exclusion was unwarranted and violated the due process clause. *Chia*, 360 F.3d at 1007-1008 ("[W]here constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice.") (quoting *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973))

The Court in *Chia* based its ruling on the Supreme Court's 1973 decision in *Chambers v. Mississippi,* 410 U.S. 284 (1973). In *Chambers*, the defendant was charged with murder. A third person confessed to the crime the three deferent friends, but later recanted his admissions. The defendant attempted to both cross-examine the third person about these confessions and call the three witnesses to his confessions to testify but none of the testimony was permitted. The Supreme Court ruled that the use of evidentiary rules to deny a defendant critical testimony to his

defense that bore persuasive assurances of trustworthiness violated due process. *Chambers* 410 U.S. at 302-303.

  This case is similar to *Chia* and *Chambers* in that out of court statements by third parties tend to exonerate the defendant or undermine the Government's case. There is no available option for Mr. Musaibli to procure this or similar testimony and it is critical to his defense. The statements by the overseas witnesses who admit to ISIS membership inculpate them in a serious crime. The Government can point to no reason why they would fabricate the part of their statements that focus on Mr. Musaibli.

III.

CONCLUSION

Because the statements by the overseas witnesses bear persuasive assurances of trustworthiness and are critical to the defense, they should be admitted.

Submitted,

s/James R. Gerometta
James R. Gerometta
Fabián Rentería Franco
Counsel for Ibraheem I. Musaibli
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Email: james_gerometta@fd.org
Phone: 313.967.5542

John A. Shea (P37634)
Counsel for Ibraheem I. Musaibli
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: 734.995.4646
Email: jashea@earthlink.net

Dated: December 29, 2021

## Certificate of Service

I certify that on December 29, 2021, I filed

- **Motion to Admit Statements of Unavailable Witnesses**

through the court's docketing system, which should send notification to opposing counsel of record.

/s/ Fabián Rentería Franco
Fabián Rentería Franco