UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
_____

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                    Case No.  18-20495

IBRAHEEM IZZY MUSAIBLI,          HON. DAVID M. LAWSON

          Defendant.
_____

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE MRI AND X-RAY RESULTS (199)**
_____

Ibraheem Musaibli awaits trial on allegations that he provided material support to the foreign terrorist organization ISIS, conspired to do so, and received military-style training from the group. In 2019, Musaibli twice requested a competency evaluation to determine his fitness to stand trial. As part of that evaluation, Musaibli's head was X-rayed. The X-ray revealed a bullet-shaped metal object near his skull, as well as fragments of metal elsewhere around his head. Musaibli objects to the government's use of the X-ray at trial, citing an inapplicable Federal Rule of Criminal Procedure and an inapposite Supreme Court decision. Musaibli's motion should be denied.

# I
# RELEVANT PROCEDURAL HISTORY

On April 15, 2019, Musaibli moved for a competency evaluation pursuant to 18 U.S.C. § 4241, specifically requesting "neuropsychological testing" as part of the request. (ECF 50, PageID.111, 116). The Court granted the motion. (ECF 55, PageID.144). Due to errors in the report authored under this first examination, the defense requested a second competency evaluation. (ECF 74, Page.ID 233). The Court again granted the motion, specifically ordering the Bureau of Prisons to "ensure that the designation is to a facility where the defendant can undergo neuropsychological testing." (ECF 77, PageID.251).

Consistent with the Court's order, the Bureau of Prisons designated Musaibli to the Federal Medical Complex in Butner, North Carolina ("FMC Butner"). While at FMC Butner, Musaibli underwent a variety of testing, including physical/medical examinations of his head. Specifically, the staff at FMC Butner conducted an MRI on Musaibli's head. Prior to the MRI, Musaibli claimed to have no metal in his head that would disrupt the MRI. But the MRI machine alerted that metal was in fact in Musaibli's head, leading to the test being stopped. An X-ray examination followed. That X-ray revealed a bullet-shaped object on the left side of Musaibli's head, as well as apparent shrapnel throughout his skull. Ultimately, the evaluators at FMC Butner deemed Musaibli competent to stand trial and the Court agreed. (ECF 93, PageID.284).

At trial, the government intends to offer the X-rays taken at FMC Butner as evidence in its case in chief as well as the testimony of Dr. Andrew Stock, who is the Clinical Director at FMC Butner.

## II
## ARGUMENT

Musaibli now moves to exclude the X-rays conducted by the medical staff at Butner. (ECF No. 199, PageID.2295). Musaibli relies primarily on Federal Rule of Criminal Procedure 12.2(c)(4), which prohibits the use of any "statement made by a defendant in the course of any examination conducted under this rule," as well as the "fruits of the statement." Musaibli's reliance of Rule 12.2(c)(4) is misplaced for two reasons.

First, by its terms, Rule 12.2 applies only in the context of a defendant who intends (a) to assert an insanity defense, or (b) to introduce evidence of a mental disease or defect relating to the issue of guilt or punishment in a death penalty case. "This rule does not deal with the issue of mental competency to stand trial." Fed. R. Crim. P. 12.2 Advisory Committee Note. Thus, Rule 12.2 simply does not apply here. *See United States v. Thompson*, 462 Fed. Appx. 561, 565 (6th Cir. 2012) (noting, in an appeal dealing with issues of competency to stand trial, that "Rule 12.2 has no applicability here. Thompson's situation is controlled entirely by 18 U.S.C. § 4241."); *see also United States v. Wilson*, 2020 U.S. Dist. LEXIS 50413 at *13 (E.D. Mich. Mar. 24, 2020) (Goldsmith, J.) (same).

3

Second, Rule 12.2 applies only to a defendant's statements or fruits of those statements. Fed. R. Crim. P. 12.2(c)(4). Here, the government does not intend to offer any of the statements made by Musaibli, but instead the results of an X-ray examination. Such physical examinations do not implicate the Fifth Amendment. *See generally Schmerber v. California,* 384 U.S. 757, 764 (1966) ("[B]oth federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it."); *see also Ferguson v. United States*, No. 02-60069-CR, 2006 WL 8434794, at *4 (S.D. Fla. Oct. 13, 2006), report and recommendation adopted, No. 06-60951-CIV, 2006 WL 8434795 (S.D. Fla. Dec. 7, 2006) ("In this case, the court's order requiring the movant to submit to an x-ray examination was neither testimonial or communicative in nature and thus is not protected by the Fifth Amendment privilege against self-incrimination."). Regardless of whether the Court evaluated this issue under Rule 12.2(c) or any similar rule under the competency provisions found in 18 U.S.C. § 4241, the result would be the same. The government does not intend to offer any

of Defendant's statements made pursuant to the competency evaluation and therefore there is no reason to suppress non-testimonial evidence such as the X-ray at issue here.

Musaibli also cites *Estelle v. Smith,* 451 U.S. 454, 468-69 (1981) for support. *Estelle* held that a state court violated a *capital* defendant's right against self-incrimination by relying on the results of an involuntary examination to prove an aggravating factor during the sentencing phase of the case. *Estelle* has no application here. As the Supreme Court subsequently explained, the holding of *Estelle* was limited to "the 'distinct circumstances' of that case." *Buchanan v. Kentucky*, 483 U.S. 402, 422 (1987) (quoting *Estelle*, 451 U.S. at 466). The Court has "never extended *Estelle*'s Fifth Amendment holding beyond its particular facts." *Penry v. Johnson,* 532 U.S. 782, 795 (2001). *Estelle* is also different because there the Court ordered Estelle's mental health evaluation against his will. "Even if *Estelle* extended to non-capital sentencing proceedings, it applies only to involuntary psychiatric examination." *United States v. Graham-Wright*, 715 F.3d 598, 603 (6th Cir. 2013). Here, contrary to Musaibli's protests in his motion, Musaibli himself sought the competency evaluations. (ECF 50, PageID.111; ECF 74, Page.ID 233). According to the competency report, Musaibli acknowledged that the information obtained from him and collateral sources would not be confidential. Thus, *Estelle* does not support Musaibli's motion to exclude.

5

Accordingly, Musaibli relies on an irrelevant rule of procedure and inapplicable case to support his motion to suppress the non-testimonial X-ray. And the government has not found any case to support suppression of non-testimonial evidence obtained during a competency evaluation.

## III
## CONCLUSION

For these reasons, the Court should deny Defendant's motion to exclude MRI and X-Ray results.[1]

> DAWN N. ISON
> United States Attorney
>
> s/*Kevin M. Mulcahy*
> Kevin M. Mulcahy
> Hank Moon
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI  48226
> Kevin.Mulcahy@usdoj.gov
> (313) 226-9713

Date:  December 29, 2021

---

[1] Finally, should the Court grant Defendant's motion in limine to exclude the X-ray evidence from FMC Butner, the government intends to ask this Court for a Rule 41 search warrant for new X-rays of Musaibli's head based on evidence not obtained during the competency evaluation. *See United States v. Allen*, 337 F. Supp. 1041, 1043 (E.D. Pa. Jan. 31, 1972) (Newcomer, J.) ("There is, however, a proper and lawful procedure by which the Government may establish its right to the samples and X-rays which it seeks. That is an application for a warrant under Rule 41.").

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 29, 2021, I electronically filed the foregoing document using the ECF system, which will send notification of filing to the counsel of record.

                                s/Kevin M. Mulcahy
                                Assistant U.S. Attorney