UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Case Number 18-20495
v.          Honorable David M. Lawson

IBRAHEEM IZZY MUSAIBLI,

          Defendant.
_____/

**ORDER ADJOURNING TRIAL**

The defendant is charged in three counts of a superseding indictment with crimes related to providing material support to a terrorist organization. After several lengthy delays, the Court ordered that the trial would begin with jury selection on January 11, 2022. However, on January 5, 2022, the government filed a notice of appeal of an order of this Court denying the government's motion for an advance ruling on the admissibility of certain documents and photographs. *See* ECF No. 203. In that order, the Court stated that the government had not furnished sufficient foundational information to establish the admissibility of the evidence at this time, and the Court outlined a procedure for the government to follow if it chose to offer the evidence at trial. *See United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). However, the government mischaracterized the Court's order as one excluding evidence, thereby invoking the authority of 18 U.S.C. § 3731 ("An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence . . . .") to claim appellate jurisdiction.

The Court held a conference with counsel and the appeal notice was called to the Court's attention. The Court directed counsel for the government to file promptly a motion to adjourn the trial. Government counsel has twice refused to file such a motion; instead, it filed a motion in the

court of appeals to stay the court's order for trial. Such a motion appears to violate Federal Rule of Appellate Procedure 8(a)(1)(A) ("A party must ordinarily move first in the district court for . . . a stay of the . . . order of a district court pending appeal"). It is not clear why the government would choose to ignore the Court's instructions or proceed in such a disrespectful fashion.

In any event, the filing of a notice of appeal, even one that has questionable validity, transfers the jurisdiction of a case from the district court to the court of appeals. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (stating that a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal") (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992) ("It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court."). Because of the government's actions, this Court cannot proceed with jury selection and the trial presently scheduled for January 11, 2022 must be adjourned until the appeal is decided or dismissed.

Accordingly, it is **ORDERED** that the trial in this case scheduled to begin on January 11, 2022 is **ADJOURNED**. A further opinion will follow.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: January 7, 2022