UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                          Case No. 18-cr-20495

     v.                                   Hon. David M. Lawson

Ibraheem Izzy Musaibli,

        Defendant.
_____/

**Second Motion to Permit Pretrial Release on Bond**

    Ibraheem Musaibli, through his counsel, moves this Court to grant him pretrial release on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142.

    Mr. Musaibli appeared in this District on July 25, 2018, pursuant to a one-count indictment. On July 27, 2018, he was arraigned on the indictment and consented to pretrial detention. ECF No. 11. He has remained in custody since that date.

    Mr. Musaibli moved this Court on April 8, 2021, to permit pretrial release on bond based on his conditions of confinement at the Livingston County Jail. ECF No. 133. The Court held a hearing on said motion on May 10, 2021, and denied pretrial release on that same date. ECF No. 143.

    Mr. Musaibli was subsequently transferred from Livingston County

Jail to FDC Milan where he remains. His release on bond could be set with stringent, special conditions.

Mr. Musaibli does not object to proceeding via proffer in this matter. Additionally, he requests that he be allowed to appear remotely, via teleconference, at the hearing.

Counsel communicated with government counsel via phone regarding the requested relief in this motion. The government does not concur with the relief sought but does agree that Mr. Musaibli should be allowed to appear via teleconference link for the hearing.

**Brief in Support to Permit Pretrial Release on Bond**

Mr. Musaibli appeared in this District on July 25, 2018, pursuant to a one-count indictment. On July 27, 2018, he was arraigned on the indictment and consented to pretrial detention. ECF No. 11. He has remained in custody since that date.

A superseding indictment was filed on April 9, 2019. ECF No. 48. On April 15, 2019, defense counsel filed a motion for a competency hearing, ECF No. 50, and this Court ordered that Mr. Musaibli undergo a competency evaluation, ECF No. 56. Mr. Musaibli was transported out of district for two competency evaluations that resulted in his unavailability for an extended period. Eventually, Mr. Musaibli was arraigned on the superseding indictment on April 23, 2021, which charged with him with four counts, though one of them was dismissed before arraignment: Providing/Attempting to Provide Material Support to a Foreign Terrorist Organization, 18 U.S.C. § 2339B (Count 1), Conspiracy to Provide/Attempt to Provide Material Support, 18 U.S.C. § 2339B (Count 2), and Receipt of Military-Type Training from a Foreign Terrorist Organization, 18 U.S.C. § 2339D(a) (Count 4).[1]

Mr. Musaibli moved this Court on April 8, 2021, to permit pretrial

---

[1] The Court dismissed Count 3 of the First Superseding Indictment.

3

release on bond. ECF No. 133. The Court held a hearing on said motion on May 10, 2021, and denied pretrial release on that same date. ECF No. 143.

## Legal Standard

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act (BRA) establishes when to deviate from that norm: only when no "condition or combination of conditions . . . will reasonably assure the appearance of [the accused] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Except when the defendant is charged with a handful of offenses, the government bears the burden to show by a preponderance of the evidence that there is a risk the person will flee or, by clear and convincing evidence, that he is a danger to other people or the community and no condition or combination of conditions will adequately protect them. *Id.* § 3142(e); *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

In this case, the BRA creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 1342(e)(3)(B); however, section 3142(e)(3)'s presumption "imposes only a burden of production on the defendant, and

4

the government retains the burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (cleaned up).

This burden of production is not heavy; a defendant need only introduce "some evidence" that he is not a danger to the community or a flight risk. *Id.* Indeed, the presumption of detention is rebutted by "*[a]ny evidence* favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community . . . and other types of evidence encompassed in § 3142(g)(2)." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (emphasis added). Any "evidence of economic and social stability" can rebut the presumption. *Id.* If a defendant "come[s] forward with some evidence" pursuant to § 3142(g), the presumption of flight risk and dangerousness is definitively rebutted. *Id.* Once the defendant introduces rebuttal evidence, the statutory presumption "remains a factor to be considered among those weighed by the district court." *Stone*, 608 F.3d at 945 (cleaned up).

Even if the Court determines under § 3142(c) that an *unsecured* bond is not sufficient, the Court "shall order" release subject to "the least restrictive further conditions" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis

5

added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

## ARGUMENT

### I. Mr. Musaibli's extended pretrial detention.

Mr. Musaibli remains detained and in difficult circumstances at FDC Milan. He continues to spend his time in lockdown conditions with no visits from family and limited counsel[2] visits; and because he is in pretrial detention, he is not able to participate in programming. Because of the government's appeal of the Court's pretrial ruling, there is currently no trial date in his case.

This Court should reconsider the "total harm and benefits to prisoner and society" that continued pretrial imprisonment of Mr. Musaibli yields, relative to the heightened health risks posed to Mr. Musaibli under these unique circumstances. *United States v. D.W.*, 198 F. Supp. 3d 18, 23

---

[2] Mr. Musaibli has not visited with family in person since he arrived at FDC Milan, and counsel has not met with him in-person for several weeks because visiting is suspended indefinitely at the facility.

6

(E.D.N.Y. 2016); *accord Davis v. Ayala*, 135 S. Ct. 2187, 2209 (2015) (Kennedy, J., concurring) (calling for heightened judicial scrutiny of the projected impact of jail and prison conditions on a defendant).

Since March 13, 2020, BOP "modified its operations" to respond to the spread of COVID-19. Visitation from family and friends had been suspended and individuals were "limited in their movements to prevent congregate gathering and maximize social distancing."[3] With the Omicron variant of COVID-19 surging amongst non-vaccinated and vaccinated populations, lockdown conditions continue.

In fact, all BOP facilities are currently designated as institution operational level 3, meaning that they are under "intense modifications."[4] Level 3 is the most restrictive operational level affecting all aspects of prisoner and institutional life.[5] FDC Milan is one of those facilities.

As discussed in Mr. Musaibli's first motion for pretrial release, ECF No. 133, PageID 1188-89, his overall functioning while detained continues to deteriorate. Mr. Musaibli's counsel, a mitigation specialist, and others have

---

[3] BOP, *Fed. Bureau of Prisons COVID-19 Action Plan* (Jan. 18, 2022), https://www.bop.gov/resources/news/20200313_covid-19.jsp; BOP, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Jan. 18, 2022).
[4] BOP, COVID-19 Modified Operational Levels, https://www.bop.gov/coronavirus/ (last visited Jan. 26, 2022).
[5] *Id.*

assisted in speaking with him and providing him as much support as possible, but that is not enough. He has spent over three-and-a-half years in custody with most of it under lockdown conditions.

Given that the government filed an interlocutory appeal on the eve of trial, ECF No. 212, Mr. Musaibli's ability to exercise his constitutional right to a trial is stayed for an undetermined period. A period that could take a year before there is a decision at the appellate level and this case is set for trial. Mr. Musaibli will continue to suffer in custody status within local detention facilities that are not set for such extended pretrial custody and with no opportunities extended to him.

## II. There are conditions to assure Mr. Musaibli's appearance and the safety of the community.

Mr. Musaibli was born in Detroit, Michigan, and a resident for most of his life in Dearborn. His family resides in this District.

Mr. Musaibli's parents and four sisters are all aware of his federal case and are committed to providing him housing and subsistence while on release. If allowed to work, his father will provide employment in the family business. If allowed to attend religious services, those are held approximately eight blocks away. He understands that the court may order him to home detention on a tether with no ability to leave his home without preapproval for a limited set of reasons. He will accept whichever restrictions the Court

8

imposes while he is out on bond.

A defendant cannot be detained "unless a finding is made that no release conditions will 'reasonably assure . . . the safety of the community'" and the defendant's appearance in court. *Dominguez*, 783 F.2d at 707 (quoting § 3142(e)). Counsel is aware that the Court found that Mr. Musaibli had not set forth sufficient information to rebut the presumption of detention in his first motion. ECF No. 143, PageID 1226-27. Mr. Musaibli requests that the Court reconsider alternatives to pretrial detention that will assure his appearance to court hearings and the safety of the community that is not him remaining in custody.

The following conditions of release under section 3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure Mr. Musaibli's appearance in court and the safety of the community:

- **Third Party Custodian:** Place Mr. Musaibli in the custody of his parents whom will agree "to assume supervision and to report any violation of a release condition to the court." 18 U.S.C. § 3142(c)(1)(B)(i). Defense counsel explained the responsibilities of being a third-party custodian to his parents.
- **Home Detention or Home Incarceration:** Mr. Musaibli must submit to home detention, which allows him to leave only for employment, schooling, medical appointments, and religious services with location monitoring services if needed. In the alternative, this Court can impose home incarceration, which

9

would require Mr. Musaibli to submit to 24-hour lockdown at his home

- **Employment:** Maintain or actively seek employment or enroll in educational programming. Mr. Musaibli's father will employ him in the family business.
- **Mental Health Treatment:** Have Mr. Musaibli evaluated by a mental health professional and determine which, if any, services are needed for treatment.

## Conclusion

Mr. Musaibli requests release on bond with conditions.

Submitted,

s/James R. Gerometta
James R. Gerometta
Fabián Rentería Franco
Counsel for Ibraheem I. Musaibli
Federal Community Defender
613 Abbott Street, Suite 500
Detroit, Michigan 48226
Phone: 313.967.5542
Email: james_gerometta@fd.org

John A. Shea
Counsel for Ibraheem I. Musaibli
120 N. Fourth Avenue
Ann Arbor, Michigan 48104
Phone: 734.995.4646
Email: jashea@earthlink.net

Dated: January 27, 2022

## CERTIFICATE OF SERVICE

I certify that on January 27, 2022, I filed

- **Second Motion to Permit Pretrial Release on Bond**

through the court's electronic docketing system, which should send notification to opposing counsel of record.

s/Fabián Rentería Franco
Fabián Rentería Franco
