# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: September 13, 2022

Mr. James R. Gerometta
Mr. Fabian Franco Renteria
Federal Defender Office
613 Abbott Street
Suite 500
Detroit, MI 48226

Mr. Andrew Goetz
Mr. Daniel R. Hurley
Mr. Henry Edward Moon III
Mr. Kevin M. Mulcahy
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Mr. John A. Shea
120 N. Fourth Avenue
Ann Arbor, MI 48104-0000

Re: Case No. 22-1013, *United States v. Ibraheem Musaibli*
Originating Case No. : 2:18-cr-20495-1

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosure

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0371n.06

No. 22-1013

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Sep 13, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | O R D E R |
| IBRAHEEM IZZY MUSAIBLI, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: BOGGS, MOORE, and GRIFFIN, Circuit Judges.

On July 19, 2018, the defendant, Ibraheem Izzy Musaibli, was indicted based on his alleged involvement with the terrorist organization, the Islamic State of Iraq and Syria. R. 235 (05/26/2022 Dist. Ct. Order at 2) (Page ID #2694). Since then, a series of delays—caused both by the parties and by the global COVID-19 pandemic—has bedeviled the case. *Id.* at 12–17 (Page ID #2704–09). The most recent delay was related to the government's interlocutory appeal of an adverse pre-trial evidentiary ruling. *See United States v. Musaibli*, 42 F.4th 603, 612–14 (6th Cir. 2022).

Amidst these complexities, two more have arisen. The first is a motion by the government seeking to reassign the case to a different district court judge on remand. To this end, the government argues that the current judge has made a series of comments impugning the government lawyers' ethics and has held an off-the-record status conference in which he threatened to retaliate against the government for pursuing the interlocutory appeal. App. R. 39 (Gov't Mot. at 11–19). This motion triggered one from Musaibli seeking a remand pursuant to Federal Rule of Appellate Procedure 10(c) to determine what happened during the status conference. App. R. 46 (Musaibli Mot. at 1–9). We **DENY** both motions.

We begin with the government's motion.  At issue are a series of remarks that the district judge allegedly made regarding the government's decision to pursue an interlocutory appeal pursuant to 18 U.S.C. § 3731.  The first set of statements arose in response to the government's notice of appeal.  That notice prompted the judge to hold an off-the-record status conference during which he allegedly declined to adjourn trial.  App. R. 11 (Gov't Emergency Mot. at 7).  After the government filed an emergency motion to stay trial pending the interlocutory appeal, the judge adjourned trial, but not before noting that the government had "mischaracterized" the judge's order as one that excluded evidence—a prerequisite for appellate jurisdiction under § 3731—and that the government was "disrespectful" for not filing a formal motion to adjourn.  R. 221 (01/07/22 Dist. Ct. Order at 1, 2) (Page ID #2530, 2531).

While that appeal was pending, the district judge made additional comments along these lines.  During a bond hearing, the judge expressed his growing frustrations with the government's pursuit of the interlocutory appeal, which the judge thought was improper and further delayed the case.  R. 229 (Bond Hr'g Tr. at 24:6–26:16) (Page ID #2644–46).  Similar comments reappeared in the judge's written order.  For example, the judge characterized the government's representations on appeal of the judge's evidentiary ruling as "exaggerations by an overly zealous and perhaps ethically-challenged appellate lawyer."  R. 235 (05/26/2022 Dist. Ct. Order at 15) (Page ID #2707).  (The government has different trial and appellate counsel in this case.)  These consternations did not, however, ultimately impede the government's efforts:  the judge denied Musaibli's motion for release on bond.  *Id.* at 20 (Page ID #2712).

Then on June 16, 2022, the district judge held another off-the-record status conference.  According to the government, the judge returned to a comment that he had made during the bond hearing.  At the bond hearing, the judge had stated that while the government previously represented "that it would take three to four weeks for it to put its case-in-chief in," the government represented on appeal "that there are no additional facts that could change the Court's analysis after a two-day evidentiary hearing."  R. 229 (Bond Hr'g Tr. at 24:23–25:3) (Page ID #2644–45).

At the June status conference, the government alleges that the district judge acted on these comments and restricted the government to only five days to present its case based on its representations on appeal. App. R. 39 (Gov't Mot. at 8). In his response to the government's motion, the district judge disputes this characterization of what happened at the status conference. App. R. 47 (Dist. J. Lawson Resp. at 3).[1]

That brings us to the government's motion. "This Court possesses the power, under appropriate circumstances, to order the reassignment of a case on remand pursuant to 28 U.S.C. § 2106." *United States v. Cota-Luna*, 891 F.3d 639, 649 (6th Cir. 2018) (quoting *Rorrer v. City of Stow*, 743 F.3d 1025, 1049 (6th Cir. 2014)). "Reassignment is an extraordinary power and should be rarely invoked." *Rorrer*, 743 F.3d at 1049 (quoting *United States ex rel. Williams v. Renal Care Grp., Inc.*, 696 F.3d 518, 532–33 (6th Cir. 2012)); *accord Lavin v. Husted*, 764 F.3d 646, 651–52 (6th Cir. 2014).

With the extraordinary nature of the relief in mind, we consider three factors when determining whether reassignment is necessary:

(1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings;

(2) whether reassignment is advisable to preserve the appearance of justice; and

(3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Rorrer*, 743 F.3d at 1049 (quoting *United States ex rel. Williams*, 696 F.3d at 532–33). Those factors weigh against reassignment here.

First, even accepting as true the government's version of events, the judge's comments do not rise to the level needed to indicate that a substantial impediment to objectivity exists. The judge has provided numerous indications that his comments were within the "margin of humanity"

---

[1] The judge-said, government-said nature of this dispute highlights the prudence of district courts conducting status conferences on the record.

allotted to district court judges as they manage complex litigation. *United States v. Brooks*, 145 F.3d 446, 458 (1st Cir. 1998) (quoting *United States v. Polito*, 856 F.2d 414, 418 (1st Cir. 1988)). Specifically, near the end of the bond hearing, the judge emphasized that his comments were "not necessarily directed at trial counsel here." R. 229 (Bond Hr'g Tr. at 27:22) (Page ID #2647). Rather, in his response to the government's motion, the judge explained that he has "enjoyed a cordial relationship over the years" with the trial prosecutors in this case and this his frustrations grew out of the delays occasioned by the government's appeal. App. R. 47 (Dist. J. Lawson Resp. at 2). He also underscored that he intended to provide the government with sufficient time to present its case and that he accepted our decision. *Id.* at 3, 4. In short, the judge appears to understand his remarks as venting frustrations, not plotting revenge.

After reviewing the record, we take the district judge at his word. Our opinion in the interlocutory appeal has issued and the judge has stated that it will govern this case. *Id.* at 4. No further delays will likely arise from that source. Pointed as his language was at times, the judge's past remarks do not "reveal such a high degree of . . . antagonism as to make fair judgment impossible," and we trust that they do not presage future retaliations against the government. *Rorrer*, 743 F.3d at 1050 (quoting *Liteky v United States*, 510 U.S. 540, 555 (1994)). We are confident that the judge will do as he details in his response and treat both parties fairly, providing each with an adequate length of time to present their case.

Second, reassignment is not necessary to preserve the appearance of justice. Sharp as the district court's remarks are in isolation, context dulls their edges. Although other district court judges have expressed irritations about interlocutory appeals brought under 18 U.S.C. § 3731, *see Brooks*, 145 F.3d at 450–53, the judge here appears to have had bigger worries on his mind. As he repeatedly stressed, he was concerned that the appeal was adding another delay to a growing list of them. Underscoring this point, the judge noted in his response to the government's motion that Musaibli's case is the oldest criminal case on his docket. App. R. 47 (Dist. J. Lawson Resp. at 2). This is unsurprising given that Musaibli was indicted in 2018 and has yet to go to trial. Just as the government cannot be punished for pursuing a proper interlocutory appeal, *see United States v. Watson*, 475 F. App'x 598, 602 (6th Cir. 2012), so, too, should the district judge not be judged

too harshly for expressing understandable concerns about delays, even if we would have expressed those concerns in a more muted manner.

Those concerns relate to the third factor. Musaibli has been detained for over four years now. Even under the current judge, who is well-versed in the nuances of this case, trial is not set to begin until January 2023. App. R. 47 (Dist. J. Lawson Resp. at 3). A new judge would have to become familiar with a sprawling docket replete with complex factual and legal issues, thus risking further delays. That alone cautions against reassignment. *See United States ex rel. Williams*, 696 F.3d at 533 (holding that complexity of case weighed against reassignment); *see also Rorrer*, 743 F.3d at 1050–51 (collecting cases in which complexity of litigation weighed against reassignment). Furthermore, because this is a criminal case with such a lengthy history, additional delays in this case could lead to due-process concerns. *See generally Watson*, 475 F. App'x at 601–02. All told, the waste-to-fairness ratio skews against reassignment, as do the other factors.

Next, Musaibli has moved for a remand pursuant to Federal Rule of Appellate Procedure 10(c) so that the district court could make factual determinations relevant to the government's motion. As Musaibli admits, there is little precedent for using Federal Rule of Appellate Procedure 10(c) in such a context. App. R. 46 (Musaibli Mot. at 2 n.1). We need not determine the applicability of this rule to the present case, however. Because we deny the government's motion to reassign the case on remand, Musaibli's motion is moot.

Therefore, we **DENY** the government's motion to order reassignment of the case on remand. We also **DENY** as moot Musaibli's motion for a remand pursuant to Federal Rule of Appellate Procedure 10(c).

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk