United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                  Case No. 18-20495

v.

                                  Hon. David M. Lawson

Ibraheem Izzy Musaibli,

        Defendant.

### Government's Motion *in Limine* to Preclude the Defense of Withdrawal and Brief in Support

Ibraheem Musaibli joined the terrorist organization ISIS in late 2015 and served as a soldier in an ISIS battalion in Iraq and Syria. In 2108, Musaibli was brought to the United States and charged with multiple terrorism related offenses. The government anticipates at trial that Musaibli will argue the "withdrawal defense," claiming that, although he may have joined ISIS during part of his time in Iraq and Syria, he had a falling-out with the group and ceased being a soldier. However, the withdrawal defense is not available to Musaibli as a matter of law. He should therefore be precluded from raising it during trial as doing so will only confuse and mislead the jury.

Pursuant to Local Rule 7.1, there was a conference between attorneys for the government and an attorney for the defendant in which the government explained

the nature of this motion and its legal basis and requested but did not obtain concurrence in the relief sought.

                    Respectfully submitted,

                    DAWN N. ISON
                    United States Attorney

                    s/*Michael C. Martin*
                    Michael C. Martin
                    Assistant United States Attorney
                    211 W. Fort Street, Suite 2001
                    Detroit, MI  48226
                    Michael.C.Martin@usdoj.gov
                    (313) 226-9100

                    s/*Hank Moon*
                    Hank Moon
                    Assistant United States Attorney
                    211 W. Fort Street, Suite 2001
                    Detroit, MI  48226
                    Hank.Moon@usdoj.gov
                    (313) 226-9100

Date:  December 5, 2022

## BRIEF IN SUPPORT OF MOTION TO PRECLUDE THE DEFENSE OF WITHDRAWAL

### BACKGROUND

Musaibli is charged with three crimes: providing and attempting to provide material support to ISIS, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 1); conspiracy to provide material support to ISIS, a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Count 2); and receipt of military-type training from ISIS, a foreign terrorist organization, in violation of 18 U.S.C. § 2339D(a) (Count 4). (ECF No. 48, PgID.104).

In a post-arrest interview with the FBI, Musaibli admitted many of the facts that establish his guilt, including that he traveled to Syria and Iraq in 2015, joined ISIS, and was trained as a solider. But he also made self-serving statements, including that, "about halfway through" his time with ISIS, he became disillusioned, stopped being a soldier, and attempted to leave Syria and Iraq.

The government anticipates that Musaibli will make a similar argument at trial in the hopes of convincing the jury that he "withdrew" from his criminal conduct and should therefore be found not guilty. Such an argument – which is commonly referred to as the "withdrawal defense" – should not be permitted in this case as a matter of law. The government certainly disputes whether such a defense has any factual support. But the reason the defense should be precluded now, before trial, is because the defense is not legally cognizable. Permitting Musaibli to

argue or introduce evidence on the topic will confuse the jury and divert their attention away from the real issue, which is whether the government has proven the elements of the offenses beyond a reasonable doubt.

## ARGUMENT

"Defendants have the burden of proving withdrawal because it is an affirmative defense." *United States v. Lash*, 937 F.2d 1077, 1083 (6th Cir. 1991). The withdrawal defense – which is most commonly asserted in conspiracy cases – requires the defendant to "show that he or she took affirmative action to defeat or disavow the purpose of the conspiracy. Mere cessation of activity is not sufficient." *Id.* The Sixth Circuit pattern instructions on conspiracy details three elements that the defendant must prove to successfully establish the withdrawal defense: (1) that the defendant completely withdrew from the agreement, (2) that the defendant took an affirmative step to renounce or defeat the purpose of the conspiracy, and (3) the defendant withdrew "before any member of the group committed one of the overt acts described in the indictment. Once an overt act is committed, the crime of conspiracy is complete. And any withdrawal after that point is no defense to the conspiracy charge." Sixth Circuit Pattern Instruction 3.11A(2).

This instruction assumes that one of the elements of the charged conspiracy is that a conspirator performed an overt act in furtherance of the conspiracy. But many conspiracy statutes do not contain an overt act element. The conspiracy that

Musaibli is charged with – conspiracy to provide material support to a designated foreign terrorist organization in violation of § 2339B – does not require an overt act. *United States v. Alebbini*, 979 F.3d 537 n.1 (6th Cir. 2020) ("In drafting section § 2339B, Congress omitted any language requiring an overt act. We will not read an overt act requirement into the statute."). The Sixth Circuit Pattern Instructions recognize that the withdrawal defense instruction "does not appear to be appropriate when the conspiracy charged does not require proof of an overt act." Sixth Circuit Pattern Instruction 3.11A, Use Note.

It makes sense that the withdrawal defense is not applicable to conspiracy offenses lacking an overt act requirement. In *Smith v. United States*, 568 U.S. 106 (2013), the Supreme Court analyzed the withdrawal defense in the context of the drug and racketeering conspiracy statutes, which, like § 2339B, do not require proof of an overt act. The Court explained that the drug and racketeering conspiracies simply required proof of an agreement to commit a crime and proof that the defendant knowingly participated in that agreement. *Smith*, 568 U.S. at 110. Once the agreement was formed and the defendant joined, the crime was complete and any subsequent withdrawal is irrelevant. As the Court explained, "[w]ithdrawal does not negate an element of the conspiracy crimes charged here." *Id*. In fact, "[f]ar from contradicting an element of the offense, withdrawal presupposes that the defendant committed the offense." *Id*. at 111. As the Court

5

succinctly stated: once a defendant "joined forces to achieve collectively more evil than he could accomplish alone," an "individual change of heart (assuming it occurred) could not put the conspiracy genie back in the bottle." *Id*. at 114.

The same is true here. The conspiracy that Musaibli is charged with does not require an overt act. Therefore, Musaibli's claim that he withdrew from the conspiracy at some later point in time is irrelevant. Once he knowingly joined the conspiracy to provide material support to ISIS, the crime was completed regardless of what actions he might have subsequently taken. *United States v. Salazar*, 751 F.3d 326, 331 (5th Cir. 2014) ("If the conspiracy does not even require the commission of an overt act, a defendant can never timely withdraw and can never negate liability as to the conspiracy charge.").

Given that there is no withdrawal defense to the charged conspiracy, evidence that Musaibli withdrew from the conspiracy is simply not relevant under Federal Rule of Evidence 402. At issue in this trial will be whether the government has proven each element of each offense beyond a reasonable doubt. The withdrawal defense makes none of the elements of any offense more or less likely to be true. Evidence of withdrawal should be excluded under Rule 403 because irrelevant evidence offered in support of an inapplicable affirmative defense will mislead the jury, cause confusion as to the real issues that they must decide, and is

6

unfairly prejudicial because it invites a decision based "on an improper basis." *United States v. Langhorn*, 473 F. App'x 436, 441 (6th Cir. 2012).

## CONCLUSION

For these reasons, the government respectfully requests that the Court preclude Musaibli from asserting at trial the defense of withdrawal, including precluding Musaibli from introducing evidence or argument related to the withdrawal defense.

                        Respectfully submitted,

                        DAWN N. ISON
                        United States Attorney

                        s/*Michael C. Martin*
                        Michael C. Martin
                        Assistant United States Attorney
                        211 W. Fort Street, Suite 2001
                        Detroit, MI  48226
                        Michael.C.Martin@usdoj.gov
                        (313) 226-9100

                        *s/Hank Moon*
                        Hank Moon
                        Assistant United States Attorney
                        211 W. Fort Street, Suite 2001
                        Detroit, MI  48226
                        Hank.Moon@usdoj.gov
                        (313) 226-9100

Date:  December 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing document using the ECF system, which will send notification of filing to the counsel of record.

                                                  s/*Hank Moon*
                                                  Assistant United States Attorney