United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Case No.  18-20495

v.

                                Hon. David M. Lawson

Ibraheem Izzy Musaibli,

        Defendant.

_____/

## GOVERNMENT'S MOTION TO PRECLUDE DEFENDANT FROM INTRODUCING HIS OWN HEARSAY STATEMENTS

The United States of America respectfully submits this motion to preclude the defendant from introducing into evidence his own hearsay statements.

### BACKGROUND

During jury selection on January 18, 2023, defense counsel provided the government with a binder of proposed defense exhibits. This binder included several excerpts of chats the defendant had with Task Force Officer Wendy Kerner over social media while the defendant was in Syria during in 2018. These excerpts were not previously identified to the government as defense exhibits. Later that evening, defense counsel provided the government with a letter explaining that seven of the exhibits (some of which included subparts), would be offered by the defense under Federal Rule of Evidence 106 in order to "cure" the allegedly

misleading impressions created by some of the government's exhibits. The defense letter identified each of the allegedly misleading government exhibits and the corresponding proposed defense exhibit that "cured" the government exhibit.

The government moves to preclude the defense from offering its proposed exhibits because the government's exhibits are not misleading and the defendant's written statements to Officer Kerner and inadmissible hearsay. The Sixth Circuit has repeatedly held that when the government introduces part of a defendant's statement, the defendant cannot elicit the remaining portion of his statements because they are inadmissible hearsay—and this is true even under Rule 106 and the "rule of completeness."

## ARGUMENT

The common law "rule of completeness allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013) (quoting *United States v. Holden*, 557 F.3d 698, 705 (6th Cir. 2009)). "'When ruling on a party's request to introduce additional portions of a statement pursuant to this rule, the district court must determine: (1) whether the additional evidence explains the evidence already admitted; (2) whether it places the admitted evidence in its proper context; (3) whether its admission will serve to avoid misleading the trier of fact;

2

and (4) whether its admission will insure a fair and impartial understanding of all of the evidence.'" *United States v. Dotson*, 715 F.3d 576, 581-83 (6th Cir. 2013) (quoting *United States v. McAllister*, 693 F.3d 572, 584 (6th Cir. 2012)). "The common-law doctrine of completeness is partially codified in Rule 106: 'If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of an]y other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.'" *Adams*, 722 F.3d at 826 (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171–72 (1988)).

But the Sixth Circuit has repeatedly held that "Rule 106 'covers an order of proof problem; it is not designed to make something admissible that should be excluded.'" *Id*. (citing *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982)); *see also Dotson*, 715 F.3d at 581-83 (The rule of completeness "does not make inadmissible evidence admissible."); *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (The rule of completeness "is not designed to make something admissible that should be excluded."). So a defendant cannot slip in his hearsay statements through Rule 106 or the "rule of completeness." *See Holden*, 557 F.3d at 706 (rejecting the defendant's Rule 106 argument because "his statements are inadmissible hearsay and were properly excluded"); *see also United States v. Shaver*, 89 F. App'x 529, 533 (6th Cir. 2004) ("Completeness, a common-law doctrine, does not outweigh the hearsay rules, because '[h]earsay is not admissible except as

provided by these rules or other rules prescribed by the Supreme Court pursuant to statutory authority.' Fed.R.Evid. 802. Exculpatory hearsay may not come in solely on the basis of completeness."); *United States v. Howard*, 216 F. App'x 463, 472-73 (6th Cir. 2007) (defendant's additional statement was not admissible because "[e]xculpatory hearsay may not come in solely on the basis of completeness.").

For example, in *United States v. Gallagher*, 57 F. App'x 622, 627-29 (6th Cir. 2003), the Sixth Circuit excluded a defendant's exculpatory post-arrest statements in his felonious possession of a firearm case. There, the defendant "admitted to being a convicted felon and knowing that he was prohibited from possessing a firearm." *Id*. at 627. The defendant also commented that "he had been 'hounded' by [the agent], was 'set-up' by federal agents and was not planning to rob a bank 'one last time.'" *Id*. "While the government used segments of [the defendant's] statement during trial, the [district] court rejected [the defendant's] request to admit his entire statement on the basis that the comments were not offered against a party opponent and amounted to inadmissible hearsay." *Id*. The Sixth Circuit concluded that the admitted part of the defendant's "statement—his admissions that he was a felon, knew that he was not to possess a firearm, and that his female companion had nothing to do with the crime—did not require [the defendant's] additional self-serving exculpatory comments for completeness." *Id*. at 628. And the defendant's "self-serving sections of his statement were inadmissible hearsay unaffected by Rule

106 . . . [because] 'the completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded.'" *Id*. at 628-29 (quoting *Trepel v. Roadway Express Inc.*, 194 F.3d 708, 718 (6th Cir. 1999)).

The hearsay bar extends to attempts to elicit a defendant's statements through cross-examination of a witness under the Confrontation Clause. In *Ford*, the Sixth Circuit held that the district court properly limited the defendant's cross-examination of an agent who testified to the defendant's "inculpatory out-of-court statements" admitting that he was involved in a robbery. 761 F.3d at 651-52. On cross-examination, the defendant "attempted to elicit testimony regarding his exculpatory out-of-court statements, but the district court sustained the government's objections to these questions on the basis of hearsay." *Id*. at 651. The defendant argued that "he should have been allowed to introduce his statements under the Confrontation Clause and the rule of completeness." *Id*. But the Sixth Circuit held that the defendant could not introduce his "own statements through the testimony of other witnesses." *Id*. (citing *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005)). And "[p]recluding a defendant from eliciting inadmissible hearsay statements does not violate the Confrontation Clause." *Id*. at 652. The Sixth Circuit also held the district court did not violate the rule of completeness because it is "'is not designed to make something admissible that should be excluded.'" *Id*. at 652 (quoting *Costner*, 684 F.2d at 373).

5

Like the defendants in *Ford* and *Gallagher*, Musaibli cannot introduce his own statements through the testimony of Officer Kerner or his out-of-court written statements. The very first defense proposed exhibit, Defense Exhibit 407, illustrates why. On April 23, 2018, the defendant began chatting with Officer Kerner over Telegram. That conversation began with the defendant informing Officer Kerner that he had "prepared an essay for you." The defendant then reproduced that essay in the Telegram chat. The defendant's essay was a lengthy and self-serving description of alleged mistreatment by ISIS. Defense Exhibit 407 constitutes a single paragraph from the defendant's essay that he wrote to Officer Kerner on April 23, 2018:

The allegedly "misleading" government exhibit (Government Exhibit 149.6) that Defense Exhibit 407 is supposed to "cure" is actually an entirely separate

conversation that occurred two days later, on April 25, 2018. In Government

Exhibit 149.6, Officer Kerner asked the defendant when he went to Mosul. Officer

Kerner also asked the defendant some questions about leaflets that had been

dropped near the defendant's location in Syria – a topic the defendant had raised

earlier. The defendant's immediate response was actually not responsive to these

two questions. Rather the defendant recounted how a judge supposedly told him

that he needed to enter an ISIS boot camp, but he would not be forced to fight.

However, the defendant did answer Officer Kerner's questions on the following

page of the chat, which is not at issue here. Government Exhibit 149.6 is produced

below:



Here, the common law "rule of completeness" and Federal Rule of Evidence 106 are not applicable because the government's exhibit is not misleading. The government's exhibit accurately recounts, in the defendant's own words, that a judge told him that he needed to enter military training but he would not be forced to fight for ISIS. The government's exhibit also contains questions from Officer Kerner that the defendant answers in a subsequent exhibit. That the defendant had told Officer Kerner two days before in his prepared essay that he was imprisoned for a month and that ISIS told him they would consider returning his passport doesn't make his statements about what the judge told him inaccurate or misleading.

And in any event, Defense Exhibit 407 is hearsay under Federal Rule of Evidence 801(c) and is not admissible under Rule 802. The common law "rule of completeness" and Rule 106 cannot magically make the defendant's hearsay statements admissible. *Holden*, 557 F.3d at 706. If the defendant wishes to tell the jury that he was imprisoned, he can do so from the witness stand where his version of events can be tested by cross-examination.

**CONCLUSION**

The defendant should be precluded from introducing his own hearsay statements, either through exhibits or cross-examination of witnesses. The government informed defense counsel of the nature of government's motion during court today and the defense declined to agree to the relief sought.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/*Michael C. Martin*
Michael C. Martin
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Michael.C.Martin@usdoj.gov
(313) 226-9100

s/*Hank Moon*
Hank Moon
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Hank.Moon@usdoj.gov
(313) 226-9100

Date:  January 19, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2023, I electronically filed the foregoing document using the ECF system, which will send notification of filing to the counsel of record.

s/*<u>Michael C. Martin</u>*
Assistant United States Attorney