United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No.  18-20495

v.

Hon. David M. Lawson

Ibraheem Izzy Musaibli,

Defendant.
_____/

United States' Response Opposing Musaibli's
Motion to Reduce Sentence [ECF No. 297]

With five years left on his sentence for providing material support to ISIS, Ibraheem Musaibli seeks compassionate release so that he can be transferred to prison in Qatar or Saudi Arabia where he will be closer to his wife and his children. But he does not satisfy the statutory requirements for compassionate release and the factors contained in 18 U.S.C. § 3553(a) do not justify early release either. This Court should deny Musaibli's motion for a reduced sentence.

I.  **Background**

Ibraheem Musaibli, an American from Dearborn, Michigan, radicalized online, traveled through the Middle East to Syria, and joined the Islamic State. (PSR ¶ 15). He attended religious and military

training camps, swore allegiance to ISIS's leader, and fought with ISIS as a soldier in Iraq. (*Id*). He then served ISIS as an armed guard in Syria. (*Id*. ¶ 16). Musaibli was with ISIS for more than two and a half years before he was captured by the Syrian Democratic Forces and turned over to the FBI. (*Id*. ¶¶ 15, 17). A jury convicted Musaibli of providing material support to ISIS, conspiring to provide material support to ISIS, and receiving military-type training from ISIS. (ECF No. 263, Jury Verdict, PageID.2992–93).

At sentencing, the Court calculated the advisory guideline range as 360–600 months, (ECF No. 289, Sentencing Tr., PageID.3484), and imposed a below-guidelines sentence of 168 months' imprisonment. (*Id*., PageID.3507). Musaibli is currently incarcerated at FCI Thompson, a low-security prison. He is 35 years old, and his projected release date is June 29, 2030. (*See* Exhibit 1 – BOP Sentencing Information, page 1). Musaibli came into custody on July 25, 2018, (*id*., page 3), and has therefore served 85 months of his sentence: 50% of the sentence imposed, or 24-14% of the guideline range.

Musaibli submitted a reduction in sentence request to the Bureau of Prisons (BOP) in 2024, arguing that his sentence should be reduced

because of extraordinary or compelling circumstances: that he suffered atypical hardship due to the pandemic. (*See* Exhibit 2 – Musaibli 2024 Request). Specifically, Musaibli argued that he was not permitted to exercise or attend religious service, that his friends and family were not permitted to visit, and that he did not have access to leisure activities. (*Id.*). Musaibli also stated that he had a clean record in prison, was getting his diploma, and had a low pattern risk assessment. (*Id*). BOP denied his request, finding that his claims were not extraordinary and compelling reasons to grant compassionate release under the statute. (*See* Exhibit 3 – Musaibli 2024 Denial).

Musaibli filed for a reduction in sentence once more in 2025, again claiming extraordinary or compelling circumstances. (*See* Exhibit 4 – Musaibli 2025 Request). His reasons this year included:

- His four children and wife in Yemen, who he hasn't seen since 2015.

- That he spent almost a year in an ISIS prison and was tortured in custody.

- That is father is paralyzed, and his mother is old.

- That his brother recently died.

- That he has served half his time, is willing to serve the rest in a prison in Saudi Arabia, and offered to give up his citizenship.

3

- That he is a remorseful and changed person.

- That he is suffering mental health problems from the devil.

*Id.* The Warden responded for informational purposes only, telling Musaibli that BOP would not be pursuing his request because there were no extraordinary or compelling circumstances to justify a motion for compassionate release. (*See* Exhibit 5 – Musaibli 2025 Denial.). The letter was clear that this determination was not final, and that Musaibli needed to appeal within 20 calendar days per the Administrative Remedy Program if he disagreed with the response. (*Id.*). Musaibli did not appeal.

Rather, Musaibli now seeks compassionate release from the Court based on those same factors. (ECF No. 297, PageID.3961–65). In his letter to the Court, Musaibli also offered to serve the rest of his time in a Qatari prison (in addition to a Saudi Arabian prison), claimed that he has obsessive compulsive disorder, made several allegations about the conditions of his confinement (that the officers are hostile towards him, that the food is bad and too little, etc.), and asked the Court to write a letter to President Trump on his behalf. (*Id*, PageID.3961–62).

4

## II.   Argument

A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, a district court's authority to modify a defendant's sentence is "narrowly circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008). Absent a specific statutory exception, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A) permitting compassionate release is one exception that permits a district court to reduce a sentence, but only if a prisoner can meet three requirements. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024). First, the prisoner must show that extraordinary and compelling reasons warrant the sentence reduction. *Id.* (citing § 3582(c)(1)(A)(i)). Second, "the court must determine that reducing the sentence would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting § 3582(c)(1)(A)). And third, even if a defendant is eligible for compassionate release, a district court may not grant the motion unless

the factors in 18 U.S.C. § 3553(a) support release. *Id.*; *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020).

Procedurally, compassionate release also requires exhaustion of administrative remedies within the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832–36 (6th Cir. 2020). The United States does not contest that Musaibli has satisfied that exhaustion requirement here.

A.     Musaibli fails to establish any extraordinary and compelling reason to justify compassionate release.

Because earlier versions of USSG § 1B1.13 did not apply to prisoner-filed motions for compassionate release, "district courts had discretion to decide what constituted extraordinary and compelling reasons when evaluating a defendant-filed motion." *Washington*, 122 F.4th at 266 (citing *United States v. Hunter*, 12 F.4th 555, 561–62 (6th Cir. 2021)). But effective November 1, 2023, the Sentencing Commission amended § 1B1.13 to define what is an extraordinary and compelling reason. *Washington*, 122 F.4th at 266; USSG Suppl. To App. C, amend 814 (Nov. 1, 2024); USSG § 1B1.13(b)(1)–(6). The amended current policy statement "sets out four enumerated grounds for relief: the defendant's (1) medical circumstances; (2) age; (3) family circumstances;

6

and (4) whether the defendant was a victim of abuse while in custody." *Id.* (citing § 1B1.13(b)(1)–(4)). A fifth catch-all provision includes "other reasons" that "when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* (quoting § 1B1.13(b)(5)).[1]

The Sixth Circuit has explained that "[t]he 'extraordinary and compelling' circumstances contemplated by Congress and the Sentencing Commission have traditionally focused on circumstances personal to the defendant or his family. And that remains generally true under the revised policy statement." *Id.* at 267 (internal citation omitted). But none of Musaibli's claims meet the extraordinary-and-compelling standard set by the Sentencing Commission.

    1. <u>Musaibli fails to allege any extraordinary and compelling medical circumstances.</u>

Musaibli claims that he is suffering from "religious related" obsessive-compulsive disorder (OCD), "probably from the devil." (ECF

---

[1] A sixth provision for an "unusually long sentence" does not apply because Musaibli has not "served at least 10 years of the term of imprisonment." *See* § 1B1.13(b)(6).

No. 297, PageID.3961, 3964). He says that he has suffered from these problems for almost a decade now, but did not mention them in his "psych exam" because it is embarrassing. (*Id.*, PageID.3961). The evidence contradicts his claim. First, Musaibli denied any mental health issues during his presentence interview, (PSR ¶ 54), and his forensic evaluation with the Bureau of Prisons. (*See* Exhibit 6, Musaibli Forensic Evaluation, page 7 (filed under seal)). And the forensic evaluation found that he did "not appear to be experiencing a mental defect," and nowhere mentioned OCD. (*Id.*, page 18).

In prison, Musaibli has received significant mental health treatment and resources "despite never having been assigned a mental health diagnosis." (*See* Exhibit 7, Musaibli Psychological Services Records, page 1 (filed under seal)). His records show that BOP medical personnel are closely monitoring his mental health and providing him with appropriate resources and treatment. (*Id.*, pages 1–29). Musaibli has regularly told staff that he is concerned for his mental health and staff responded appropriately: they just haven't found any "serious mental illness, adjustment disorder, or significant functional impairment. Instead, [Musaibli's] consistent presenting concerns are

more suggestive of cultural influences and the potential for maladaptive personality characteristics." (*Id.*, page 3).

Regarding his claim of OCD, Musaibli told BOP personnel that "he and his cellmate were discussing topics relevant to faith and mental health and wished to be provided with [information on 'waswasa,' an Islamic concept similar to obsessive-compulsive disorder] to facilitate his discussions." (*Id.*, page 22). Medical personnel provided the requested information around September 9, 2024, even though Musaibli "did not report symptoms consistent with [OCD]." (*Id.*). Musaibli appreciated the information and "denied any mental health concerns." (*Id.*). Medical personnel again addressed his "recently expressed interest in education regarding [OCD]" on February 19, 2025, finding that his interest in OCD "appears to be an artefact of both a tendency to think rigidly, genuinely held religious traditions, and circumstantial anxiety rather than a pervasive pattern of maladaptive behavior warranting a diagnosis at this time." (*Id.*, page 3). He was not diagnosed with OCD.

Since his arrival at FCI Thompson in 2024, Musaibli "has demonstrated emotional and behavioral stability and has not been

9

sanctioned for any incident reports," and was therefore removed from the Psychology Advisory List[2] in February 2025. (*Id.*, page 1). His BOP records are clear that he has not and cannot show extraordinary and compelling medical circumstances warranting compassionate release.

> 2. <u>Musaibli does not meet the age requirements for compassionate release</u>

A defendant can show extraordinary and compelling circumstances if they are (1) 65 or older; (B) "experiencing a serious deterioration in physical or mental health because of the aging process"; and they have (C) "served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG § 1B1.13(b)(2). But Musaibli is only 35 years old, (PSR, Identifying Data, Page 5), has not alleged a deterioration in his health because of the aging process, and has served neither 10 years nor 75 percent of his sentence. So he is not eligible for compassionate release because of his age.

---

[2] BOP's Psychology Advisory List is an electronic bulletin disseminated to all staff that identifies inmates with significant mental health issues, including "potential behaviors of concern and [] recommendations for interacting effectively with the inmate." (Federal Bureau of Prisons, Psychology Services Manual, Page 27, *available at* https://www.bop.gov/policy/progstat/5310_017.pdf).

3. <u>Musaibli fails to allege any extraordinary and compelling family circumstances.</u>

The guidelines list three family circumstances that could warrant compassionate release: (1) "The death or incapacitation of the caregiver of the defendant's minor child"; (2) "The incapacitation of the defendant's spouse [and] the defendant would be the only available caregiver"; and (3) "The incapacitation of the defendant's parent when the defendant would be the only available caregiver." USSG § 1B1.13(b)(3)(A)–(C). Musaibli has not alleged any of these.

Musaibli asserts that he would like to be closer to his wife and children who live in Yemen and writes that he is concerned about the health of his parents (especially his father, who is allegedly paralyzed from a stroke), both of whom live in Michigan. (ECF No. 297, PageID.3961–64). But, "[w]hile unfortunate, hardships in being unable to spend time with family members because of a defendant being incarcerated are not unique or extraordinary." *United States v. Cook,* 2023 WL 7002058, at *2 (E.D. Mich. Oct. 24, 2023)).

Musaibli also made a single sentence, unsupported claim that he is the "only caretaker for [his] kids in Yemen." (ECF No. 297, PageID.3963). But that is contradicted by the record and facts in this

11

case. He has four children from three different relationships. (PSR ¶¶ 42–44). Since 2015, he has not seen, much less provided care for, his two oldest children. (*Id.*, ¶ 42). His third child was born in 2015 or early 2016, and Musaibli has never met nor provided care for her. (*Id.*, ¶ 43). At the time of the presentence report, she lived with her mother in Egypt. (*Id.*). Musaibli has also never met nor provided care for his fourth child, a son born in 2016. (*Id.*, ¶ 44). According to the PSR, these children all live with their mothers, and Musaibli has not claimed that any of them are dead or incapacitated.

So while Musaibli's family circumstances are undoubtably hard on him, they are not extraordinary and compelling warranting compassionate release.

> 4. <u>Musaibli has not been sexually or physically abused.</u>

Compassionate release may be appropriate if a defendant suffered "sexual abuse" or "physical abuse resulting in 'serious bodily injury,'" while "serving the term of imprisonment sought to be reduced." USSG § 1B1.13(b)(4)(A), (B). Musaibli has not alleged that he was the victim of abuse that would trigger subsection (b)(4). He does say that he has been "tortured" while in custody on this case, specifically that he was "put in

12

solitary confinement in cold cell no mattress/blanket/tissue & lights on 24 hours." (ECF No. 297, PageID.3963). But Musaibli provides no evidence for this claim, and even if these allegations are true, he has neither alleged nor provided evidence of "serious bodily injury," which requires "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1 App. Note 1(M). So this provision is not available to him either.

Finally, there is a catch-all provision that can warrant compassionate release, but because he makes no allegation of other circumstances that "are similar in gravity" to any of those other factors, subsection (b)(5) doesn't apply.

Musaibli's failure to identify—much less establish—any extraordinary and compelling reason dooms his request for a sentence reduction. The Court can, and should, deny it on that basis.

5. <u>Rehabilitation alone is not an extraordinary and compelling reason.</u>

Without the other reasons to establish a basis for compassionate release, Musaibli is left with his claim of rehabilitation and hope for

13

deradicalization programming: that he is a "remorseful & changed person," willing to serve the remainder of his time in either a Qatari or Saudi Arabian prison, and willing to attend a deradicalization program in Saudi Arabia. (ECF No. 297, PageID.3964, 61). Even assuming he is a changed person, "Congress has instructed that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) (quoting 28 U.S.C. § 994(t)); *see also* USSG § 1B1.13(d) (rehabilitation can only be considered in combination with other factors). While Musaibli is to be commended for his rehabilitation efforts, they do not warrant a sentence reduction. *See, e.g., Washington*, 122 F.4th at 268.

Finally, Musaibli's request for an international transfer is not a valid basis for compassionate release. Rather, prisoner transfers to or from foreign countries are governed by 18 United States Code Chapter 306, Part III, and negotiated by the Department of State.

Moreover, the United States can only transfer prisoners to a foreign country pursuant to a treaty providing for such a transfer with that country. *See* 18 U.S.C. § 4100; *see also* U.S. Department of Justice,

14

*International Prisoner Transfer Program.*[3] The United States does not have a treaty with Yemen and, therefore, Musaibli cannot be transferred there.[4] The United States does have a treaty with Saudi Arabia,[5] but Musaibli is not a "citizen or national" of Saudi Arabia, negating his transfer there. *See* Federal Bureau of Prisons, *Treaty Transfers.*[6] Musaibli is free to explore the possibility of an international transfer with the State Department, but he cannot circumvent the process through compassionate release.

> B.    Musaibli has failed to establish that the factors in 18 U.S.C. § 3553(a) justify compassionate release.

Even if Musaibli could show extraordinary and compelling reasons—which he cannot—he would still not be entitled to compassionate release. To grant relief, the Court must also consider the factors in 18 U.S.C. § 3553(a) and determine that release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A defendant's failure to establish that the

---

[3] Available at https://www.justice.gov/criminal/criminal-oia/iptu

[4] *See* https://www.justice.gov/criminal/criminal-oia/list-participating-countriesgovernments

[5] *See id.*

[6] "The inmate must be a citizen or national of a foreign country having a treaty relationship with the United States."
https://www.bop.gov/inmates/custody_and_care/treaty_transfers.jsp

15

§ 3553(a) factors support relief is an independent basis for denying compassionate release. *Ruffin*, 978 F.3d at 1008–09. And the Sixth Circuit will affirm a denial of compassionate release based solely on the district court's assessment of the § 3553(a) factors. *United States v. Tomes*, 990 F.3d 500, 503–04 (6th Cir. 2021). Finally, this Court's "initial balancing of the § 3553(a) factors during [the defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction" when a defendant requests compassionate release. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

Here, Musaibli did not address the § 3553(a) factors at all, much less meet his burden of making "a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id*. But he did "acknowledge that [he] could of gotten a far larger sentence." (ECF No. 297, PageID.3962). And he is right. His sentencing guideline range was 360–600 months, much higher than the 168-month sentence imposed. He has only served approximately half of the sentence imposed, and only 24-14% of his guideline range—yet he seeks another substantial reduction.

16

The plain language of the compassionate-release statute requires that a defendant's reasons for release "warrant *such* a reduction" in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). That inquiry depends, at least in part, on the length of time remaining on his sentence, requiring him to justify the *magnitude* of his requested sentence reduction. Here, Musaibli has served approximately half of his below-guidelines sentence and fails to show that his reasons for release are so powerful that they "warrant" a "reduction" of that size.

The Court was very familiar with Musaibli and his case, carefully analyzed the § 3553(a) factors, and sentenced Musaibli for committing "a very serious crime." (ECF No. 289, Sentencing Tr., PageID.3504). The Court found that Musaibli joined ISIS "as a battlefield fighter," even though "he was not very good at it." (*Id.*). Musaibli "received training" from ISIS, "participated in battle," and "was on guard duty." (*Id.*). And even though the Court found that Musaibli was not the best ISIS fighter, it nonetheless found that his joining and supporting ISIS was "a crime that deserves a substantial custodial response." (*Id.*, PageID.3505).

17

In sentencing Musaibli to 168 months, the Court imposed a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Musaibli has failed to make the "compelling case" that the analysis of the § 3553(a) factors is any different today than it was when this Court imposed sentence. *Sherwood*, 986 F.3d at 954. In fact, the Court specifically considered a sentence of ten years—three more than Musaibli has served currently— and found that ten years was not "adequate to achieve the goals" outlined in § 3553(a). (ECF No. 289, Sentencing Tr., PageID.3507). Accordingly, his motion should be denied on that basis alone.

## III.   Conclusion

The court should deny Musaibli's motion to reduce his sentence.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

 *s/Hank Moon*
Hank Moon
United States Attorney's Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
313-226-0220
Hank.Moon@usdoj.gov

Date:     September 3, 2025

## Certificate of Service

I certify that on September 3, 2025, I caused this document to be electronically filed with the Clerk of the United States District Court using the ECF system and that an employee of the U.S. Attorney's Office will send this document to the *pro se* defendant by United States Mail, with first class postage, to:

> Ibraheem Musaibli
> Reg No. 56787-039
> FCI Thomson
> Federal Correctional Institution
> P.O. Box 1002
> Thompson, IL 61285

*s/ Hank Moon*
Hank Moon

# Exhibit 1

```
MILBU          *          PUBLIC INFORMATION          *      08-26-2025
PAGE 001       *              INMATE DATA             *      11:17:45
                           AS OF 08-26-2025


REGNO..: 56787-039 NAME: MUSAIBLI, IBRAHEEM IZZY


                      RESP OF: TOM
                      PHONE..: 815-259-1000    FAX: 815-259-0186
                                               RACE/SEX...: WHITE / MALE
                                               AGE:  35
PROJ REL MT: GOOD CONDUCT TIME RELEASE         PAR ELIG DT: N/A
PROJ REL DT: 06-29-2030                        PAR HEAR DT:
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
MILBU           *         PUBLIC INFORMATION          *      08-26-2025
PAGE 002        *            INMATE DATA              *      11:17:45
                          AS OF 08-26-2025


REGNO..: 56787-039 NAME: MUSAIBLI, IBRAHEEM IZZY


               RESP OF: TOM
               PHONE..: 815-259-1000    FAX: 815-259-0186
FSA ELIGIBILITY STATUS IS: INELIGIBLE


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.


HOME DETENTION ELIGIBILITY DATE....: 12-29-2029


THE INMATE IS PROJECTED FOR RELEASE: 06-29-2030 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------


COURT OF JURISDICTION...........: MICHIGAN, EASTERN DISTRICT
DOCKET NUMBER...................: 0645 2:18CR20495 (1)
JUDGE...........................: LAWSON
DATE SENTENCED/PROBATION IMPOSED: 06-15-2023
DATE COMMITTED..................: 08-11-2023
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $300.00         $00.00       $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00


-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  890     18:2331-2339 TERRORISM

OFF/CHG: 18:2339B, PROVIDING AN ATTEMPTING TO PROVIDE MATERIAL SUPPORT
         TO A DESIGNATED FOREGIN TERRORIST ORGANIZATION CT 1; 18:2339B
         CONSPIRACY TO PROVDE MATERIAL SUPPORT TO A FOREIGN TERRORIST
         ORGANIZATION CT 2; 18:2339D(A) RECEIPT OF MILTARY- TYPE
         TRAINING FROM A FOREIGN TERRORIST ORGANIZATION (ISIS) CT 3


 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   168 MONTHS
 TERM OF SUPERVISION............:    10 YEARS
 DATE OF OFFENSE................: 06-01-2018


 G0002      MORE PAGES TO FOLLOW . . .
```

```
  MILBU          *          PUBLIC INFORMATION          *          08-26-2025
PAGE 003 OF 003 *              INMATE DATA              *          11:17:45
                            AS OF 08-26-2025


REGNO..: 56787-039 NAME: MUSAIBLI, IBRAHEEM IZZY


                    RESP OF: TOM
                    PHONE..: 815-259-1000    FAX: 815-259-0186


------------------------CURRENT COMPUTATION NO: 010 ------------------------


COMPUTATION 010 WAS LAST UPDATED ON 08-01-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-01-2023 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010


DATE COMPUTATION BEGAN..........: 06-15-2023
TOTAL TERM IN EFFECT............:   168 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    14 YEARS
EARLIEST DATE OF OFFENSE........: 06-01-2018

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    07-25-2018   06-14-2023


TOTAL PRIOR CREDIT TIME.........: 1786
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 756
TOTAL GCT EARNED................: 378
STATUTORY RELEASE DATE PROJECTED: 06-29-2030
ELDERLY OFFENDER TWO THIRDS DATE: 11-24-2027
EXPIRATION FULL TERM DATE.......: 07-24-2032
TIME SERVED.....................:      7 YEARS      1 MONTHS      2 DAYS
PERCENTAGE OF FULL TERM SERVED..:  50.6
PERCENT OF STATUTORY TERM SERVED:  59.4


PROJECTED SATISFACTION DATE.....: 06-29-2030
PROJECTED SATISFACTION METHOD...: GCT REL




  G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit 2

# ***Request to Staff*** MUSAIBLI, IBRAHEEM, Reg# 56787039, MIL-B-A

~^! MUSAIBLI, ~^!IBRAHEEM IZZY <56787039@inmatemessage.com>
Wed 1/24/2024 1:05 AM
To: Request for sentence reduction 3582(a)
Inmate Work Assignment: School

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the subject line.
096dfada-1773-4994-ad5e-76de8eaafaff
Your response must come from the departmental mail box.  Responses from personal mailboxes WILL NOT be delivered to the inmate.

***Inmate Message Below***

Dear Warden Rarden, I seek a 3582(a) reduction to my sentence due to my pandemic-induced 2 Years of 'atypical' hardship under Sandin V. Conner, 72 Fordham L. Rev. 785,(March 2004) I was in prison for the entire pandemic and endured server hardships such as no exercise for over a year and a half, no religious service, 23 hour lockdowns every day, forced quarentine,  no family or friends visits, no hobby craft, or leisure or any of the amenities which would  come with being at a low.  The following case is on point. U.S. v. Johnson, (5th cir. oct. 27, 2023) U.S. DIST. LEXIS 193741 @ LEXIS 71 (Defendants " incarceration in the midst of a global pandemic has "increased the severity of the sentence beyond what was originally anticipated... "), see also U.S. v. PARK, 456 F, Suff, 3d 557, 563 (S.D.N.Y. 2020) (Noting that a sentence "that was sufficient but not greater then necessary" May Now, in light of covid-19, become  "one immeasurably greater than necessary"). My record is clean with no shots. My pattern risk assessment is that I am a "Low". I am currently programming or on the list to program (getting my diploma).   All circuits have caselaw that supports a sentence reduction for pandemic-induced hardship from being in prison through the pandemic.  Therefore, invoking stares decisis, I am warranted the same relief.

Thank you.

Very truely yours,

- I.M.

# Exhibit 3

## RESPONSE TO REQUEST FOR REDUCTION IN SENTENCE

**MUSAIBLI, Ibraheem IZZY**
**Reg. No: 56787-039**
**February 29, 2024**
**B Unit/Z01-119LAD**
**RIS Request**

Your request for Compassionate Release/Reduction in Sentence (RIS) has been reviewed pursuant to 18 U.S.C. 3582 (c)(1)(A).   We will not be pursuing a request for compassionate release in your case.

A review indicates that the basis for your request for a reduction in sentence is extraordinary or compelling circumstances related to pandemic induced hardship.

Bureau of Prisons' Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), sets forth the criteria the Director considers for a RIS. Pursuant to P.S. 5050.50, the following criteria may be used to file for a RIS: Terminal Medical Condition, Debilitated Medical Condition, Elderly Inmates, Death or Incapacitation of Family Member Caregiver, and Incapacitation of a Spouse or Registered Partner. A request for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) will be considered when there are extraordinary and compelling reasons meeting these criteria or if the requestor is a victim of sexual abuse while in custody, there is no danger to the safety of any other person or to the community, and the reduction is consistent with policy.

A review of your request reveals that it is not based on the criteria set forth in PS 5050.50. Accordingly, your request is denied at this time. If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

I trust this addresses your concerns.

_____
E. Rardin, Warden

_____3/1/2024_____
Date

# Exhibit 4



**USP Thomson**
**Inmate Request for Compassionate Release/RIS Consideration Form**

| TO: WARDEN | DATE: 2-12-2025 |
|---|---|
| INMATE NAME: Ibraheem Musaibli | REGISTER NO: 56787039 |
| SIGNATURE: ابراهيم المصيبلي | UNIT: A1 cell 45 |

Instructions: In order to be considered for Compassionate Release/RIS, you may complete this form. The information will be used to determine if your request meets the minimum guidelines for consideration, as referenced in the Program Statement 5050.50, Compassionate Release/Reduction in Sentence.

1.　　Check the category you are requesting Compassionate Release/RIS Consideration: (only one per request)

☐ Request based on Terminal Medical Condition
☐ Request based on Debilitated Medical Condition
☐ Request based on New Law for Elderly inmates – non-medical (70 years or older served 30 years of sentence)
☐ Request based on Elderly Inmates over 65 with Medical Conditions who have served more than 50% of sentence
☐ Request based on inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced
☐ Request based on Death or Incapacitation of the Family Member Caregiver where you are the only caregiver for your minor child
☐ Request based on Incapacitation of a Spouse or Registered Partner where you are the only available caretaker
☑ Request based on Extraordinary or Compelling Circumstance

2.　　Explain the extraordinary or compelling circumstances which could not have been foreseen at the time of your sentencing you believe warrant Compassionate Release consideration. Continue on back, if necessary.

I have four kid's & a wife In Yemen I haven't seen since 2015 I have spent almost a year In a ISIS prision & tortured, My father is paralyzed from a stroke, my mom is old, I have done ½ my time 7 years, I can offer to give up my "Citizenship & to do the rest of my 4 year time in Saudi arabia Prison, then have a de-radiclizatour program, I am remoistul & changed person. Please show me some Mercy & give me a second chance. Also my brother recently died. & uncles

3.　　Submit your proposed Release Plans and continue on back, if necessary.  The information should include the following detailed information:
　　　1. Where you will reside.
　　　2. How you will support yourself.

U.S Michigan or Saudi Arabia
My dad work's In perfume business I will help him here or overseas.

4.　　If basis involves health, please provide the following information:
　　　1. Information on where you will receive medical treatment.  (confidentual)
　　　2. How you will pay for such treatment.

I am suffering some mental problem's, that I am embarresed to mention but it is basicaly repeated thinning / thoughts probaly from the devil.

**Sensitive Limited Official Use Only**

# Exhibit 5

Musaibli, Ibraheem Izzy
56787-039
Unit A

_____

### Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff regarding a Compassionate Release/Reduction in Sentence (RIS). Your request is based on extraordinary or compelling circumstances involving your wife, children and elderly parents, the loss of your brother and your voluntary agreement to leave the United States, and changes to the United States Sentencing Commissions guidelines.

After a review of your case, we will not be pursuing a request for compassionate release on your behalf. Title 18 of the United States Code, section 3528(c)(1)(A), allows a sentencing court, on motion of the Director of the Bureau of Prisons (BOP), to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The consideration criteria mentioned in your request does not meet the criteria listed in Program Statement 5050.50 for RIS consideration.

In the event you believe you are eligible for a RIS based on one or more of the criteria listed above, you must clearly identify which criteria you are requesting consideration and how you meet the criteria as outlined in Program Statement 5050.50.

Accordingly, this response is for informational purposes only. If you are dissatisfied with this response, you may file an appeal pursuant to Program Statement 1330.18, Administrative Remedy Program, within 20 calendar days of the date of this response.

I trust this addresses your concerns.

8/24/2025
Date

B. Lammer, Warden

# Exhibit 6

## Filed under seal

# Exhibit 7

## Filed under seal